## Dougherty *vs* Duvall's Heirs.

ERROR TÖ THE SHELBY CIRCUIT.

*Covenants real. Warranty. Pleading.*

JUDGE BRECK delivered the opinion of the Court.

EJECTMENT.

*Case.* 21.

*December* 29.

Case stated.

DUVALL sold and conveyed to Allen, by deed of general warranty, one hundred and sixteen acres of land. Allen afterwards sold and conveyed sixty-six acres of the tract to Carver, who sold and conveyed the same to Dougherty.

After the death of Duvall, the heirs of his wife obtained a judgment of eviction against Dougherty for the sixty-six acres; and the main question presented by the record is, whether Dougherty, upon this state of case, can maintain in his own name, an action of covenant upon the warranty in Duvall's deed to Allen, against his representatives for the sixty-six acres.

That a covenant of warranty runs with the land, and passes, as a general proposition, to a remote grantee, is not controverted. But it is contended that a remote grantee of only part of the land, cannot maintain an action in his own name against the first grantor. A different doctrine, however, is laid down by Lord Coke, who says, (2 *Coke on Littleton, top page* 362, *side page* 309,) "that an assignee of part of the land shall vouch as assignee—as if a man make a feoffment in fee of two acres to one, with warranty to him, his heirs and assigns, if he make a feoffment of one acre, that feoffee shall vouch as assignee." To this principle we perceive no valid objection. It is insisted that the condition of a remote grantee of part of the land, as to the warranty of the original vendor, and the assignee of a part of a note for the payment of money, is analagous. But it seems to us there is an obvious distinction between the two cases; the assignment of part of a note, merely entitles the assignee to a portion of the money when paid or collected; he does not acquire the legal

Covenants of warranty run with the lands & a second grantee of only part of the lands may maintain his action upon eviction for the injury he has sustained.

title to the whole or any part of it. Upon the note there is but one breach, the failure to pay it, and of course there can be but one cause of action. But not so in regard to the covenant of warranty, upon which there may be several separate and distinct causes of action, accruing at different times, by separate evictions of different parts of the land. It is an abiding covenant as to the whole and every part of the land, and the remote grantee of a part, is to that extent entitled to it, and we think can maintain his action in his own name.

It is true, as contended, that the warrantor may thus be subjected to numerous suits, and possibly to a greater liability by the separate recoveries of different subgrantees than his liability to his immediate grantee.

In regard to the number of suits, the first grantee, as we have seen, might, in consequence of several evictions, maintain as many separate actions; in that respect, therefore, there does not appear to be much weight in the objection.

Upon the other ground, as the measure or criterion of recovery by the sub or remote grantee will be the value of the land lost, to be estimated in reference to the value of the whole tract when originally sold, and that determined by the consideration or purchase money, no presumption should be indulged that the estimate would be erroneous, or that the result would be prejudicial to the warrantor or first grantor. It results that the Court below erred in sustaining the demurrer to the declaration.

The Court also erred in overruling the plaintiff's demurrers to the third and fifth pleas, as decided in the case of *Pence's heirs* vs *Duvall's heirs*, at the present term.

It was also irregular to sustain the second demurrer, without setting aside the order overruling the first, and so also in regard to the demurrers to the defendant's pleas.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the last demurrer to the declaration, and that the plaintiff's demurrers to

*The first grantee may maintain an action for each eviction of part of the lands—So may his grantee of part.*

*The measure of recovery against the covenantor, is the same by the second grantee, as it would have been by the first grantee.—The value of the lands to be ascertained by the price given.*

*It is irregular to sustain a second demurrer to the same pleadings without setting aside the order overruling a demurrer to the first.*

the defendant's third and fifth pleas may be sustained, and for. further proceedings in conformity with this opinion.

*Johnston & Throop and McHenry* for plaintiff; *Cates* for defendants.