## William E. Pugh v. Holt & Wheless, Executors, &c.

It is the settled rule that a bill regularly dismissed upon the merits, may be pleaded in bar of a new suit for the same matter; but to make the dismission of a former suit a technical bar, it must be an absolute decision upon some point or matter, and the new suit must be by the same plaintiff or his representatives, against the same defendant or his representatives

The deed for the land executed by D. to R., although not in form a technical mortgage, must in equity be regarded as such, and all the incidents given to it which attach to an instrument of that character. *Baldwin* v. *Jenkins*, 23 Miss. 207, cited and confirmed.

All debts secured by mortgage and due at the date of foreclosure, unless a preference be given to some of them by the terms of the mortgage deed, or unless the original creditor in assigning any of them designed to impart a right of prior satisfaction to the assignee, should be paid *pro rata*, in case of an insufficiency in the mortgage fund to pay the whole of them. *Bank of England* v. *Tarleton*, 23 Miss. 173, cited and confirmed.

This rule applies to controversies between the security of the mortgagor and the mortgagee, or between the different assignees of the latter. *Held*, that P. in this case must be considered as standing in the attitude of the assignee of one of the notes which the land was liable to pay, and he is entitled to a *pro rata* distribution of the mortgage fund.

P.'s demand must be measured by the amount paid for the property when sold under the decree against R., and the interest accruing thereon.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

W. Dorsey, the testator of complainants, sold an undivided interest in certain lands to one Rasberry, and executed to him the conditional deed filed as exhibit A., which was duly recorded. To secure the purchase-money, Rasberry executed two notes to Dorsey for $1,250 each; one due on the 1st of February, 1839, and the other on the 1st of February, 1840. These notes are

39 *

described in the instrument filed, and it is stipulated and provided therein that the title to the land is only to vest in Rasberry on his paying the purchase-money secured by the notes. The land was divided and that part allotted to Rasberry was sold under execution against him, and purchased by Pugh for $26. Dorsey assigned the note maturing in 1840 to one Plummer, who filed this bill in the circuit court of Yazoo county to enforce the lien reserved in exhibit A., as the note held by him. He obtained a decree under which the land allotted to Rasberry was sold, and purchased by Pugh for $300. This bill was filed against Pugh and Rasberry alone. Dorsey was not made a party to it.

When Pugh bought the land under execution against Rasberry, he knew of the existence of the note. When he bought under the decree, he knew that the note maturing in 1839 was outstanding in the hands of Dorsey, and that a sum was claimed as yet due upon it.

Dorsey filed his bill in the circuit court of Yazoo county to enforce his lien as vendor or under the provisions of his conditional deed to Rasberry, and it was dismissed by the court for want of jurisdiction, there appearing from the credit indorsed on the note and the allegations of the bill to be more than $500 due, and the deed not being a technical mortgage.

The complainant seeks to enforce his lien reserved in the condition in the deed for the satisfaction of the note due in 1839, which has come to their hands as executors. The chancellor decreed according to the prayer of the bill, and Pugh appealed to this court.

*W. E. Pugh in propria persona.*

This court has repeatedly said that the assignment of a promissory note by a mortgagee carries with it the mortgage, and the assignee is subrogated to all the rights of the mortgagee. 6 S. & M. 139; 9 Ib. 448; 10 Ib. 631.

Plummer, then, had the same rights that Dorsey had before the assignment, and he having sold under the mortgage, Dorsey is estopped from now setting up the same lien. The two notes made but one debt, and the land being once fairly sold to

the highest bidder, and the purchase-money paid in discharge of that debt, it cannot be again sold for the same debt. Dorsey in fact has received the benefit of the purchase-money. The identical money paid by Pugh did not go into the hands of Dorsey, but it went to Plummer, in discharge of the note Plummer had before paid Dorsey for, and the result must be the same as if paid directly to Dorsey. Suppose, for illustration, Dorsey had retained both of these notes, and filed his bill on one of them, obtained a decree, sold the land, and recovered the purchase-money; then filed his second bill on the second note, and asked for a second decree and sale of the same land, he would be told he had once condemned this land to the payment of his debts, and the court would not further hear him. Is his condition bettered by assigning one of the notes, and retaining the other, holding it in silence until the assignee has proceeded to foreclose and sell under the assigned note? I think not. If Dorsey is entitled to any thing, it can only be for a *pro rata* share of the purchase-money, and for that he must go to Plummer. 10 S. & M. 448; *McGill* v. *Conn*, Freem. Ch. R. 401; *Parker* v. *Kelly*, 10 S. & M. 184.

But if Dorsey ever had any equity in this matter before May, 1843, he joined in a petition to the probate court of Yazoo, with Rasberry and others, to have this land divided, and suffered this portion to be set apart to Rasberry by a decree of the court, by which he says that this was the land of Rasberry. This was over four years after the note here set up was due and payable, and not one word is said about his pretended lien. Was not this better notice to Pugh that this note was paid, than the constructive notice of the deed from Dorsey to Rasberry? Rasberry was then as much insolvent as afterwards. This note fell due on the 1st of February, 1839, and this suit is brought in January, 1849, ten years after it fell due, and three years after Plummer had sold it under his decree. The circuit court has jurisdiction over the foreclosure of mortgages, and his having once filed a bill in that court for the same thing this bill is filed for, and that bill being demurred to and demurrer sustained, bars him from recovering in this case.

*R. S. Holt* for appellees.

It has been settled that the assignment of one of several notes secured by mortgage, does not entitle the assignee to full satisfaction if the security be inadequate, but only entitles him to a ratable share of the proceeds of the mortgaged property. *Cage* v. *Iler*, 5 S. & M. 410.

Plummer, therefore, did not by the assignment of the note to him, become the sole holder of the lien by which the two notes were secured. Dorsey, after the assignment, retained his lien as to the other note assigned, as fully as he had it before. Has it been in any way destroyed? It was not destroyed by the sale to Pugh under execution against Rasberry, because a purchaser of land at sheriff's sale takes only the actual interest of the execution debtor, subject to all the equities of third persons. 1 S. & M. 338; and because he purchased with notice of the existence and provisions of the conditional deed in which the lien is reserved, of its contents, and of the non-payment of the note.

The sheriff's sale was in fact void, because Rasberry had no interest in the land which could be sold under execution. The conditional deed places him precisely in the condition of a purchaser having a bond for title, without having paid the purchase-money. He had not the legal title, nor yet such an equitable one as could be thus sold.

It was not destroyed by the decree of Plummer and the sale under it. It is too well established to require argument, that no one can be bound or affected by a litigation to which he is not a party. Dorsey not having been made a party to the suit of Plummer, his rights remained the same after the decree and the sale under it as before. Pugh acquired only such rights and interests as were bound by the decree. He has not even the merit of being a purchaser without notice, for being a party to the suit of Plummer, he knew that Dorsey was not a party to it.

It was not barred by the statute of limitations. The statute is not especially relied on either by plea or answer, as it should have been if available as a defence. But it would have been of no avail if it had been urged.

Pugh *v.* Holt & Wheless.

1. The note is evidenced and secured as well by the deed or sealed instrument as by the note.

2. The bill seeking to enforce payment of the purchase-money, claims but the performance of a condition created by deed, against the performance of which the statute of limitations affords no protection, either to the purchaser or another claiming through him. If the condition is not performed, the heirs of Dorsey can reclaim the land. Their title is not yet divested.

3. It would seem unquestionable on principle, that, as Plummer was entitled only to share *pro rata* with Dorsey the benefits of the security, his decree only gave effect to this right, and left the corresponding right of Dorsey unaffected for future enforcement. As Dorsey was not a party, his decree was by legal operation for the sale of the land, subject to Dorsey's rights; and the rights of the purchaser correspond with the legal operation of the decree. He did not, and without making Dorsey a party, he could not, sell the entire interest bound for the payment of both debts, but only his proportion of it, and that proportion Pugh bought.

Pugh deriving title under the purchaser, he takes the property subject to the same condition, and has no title until the whole purchase-money is paid. He has only the interest of Rasberry, and holds that, as Rasberry did, *cum onere.*

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a suit instituted in the superior court of chancery to enforce a lien upon land, for the price, reserved in the deed of conveyance. The lien was sustained, and a decree rendered, by which the land was ordered to be sold for the amount ascertained to be due. From that decree the defendant has appealed.

There is no dispute about the facts of the case. Washington Dorsey, the testator of the appellees, sold to W. G. Rasberry certain land, and executed to him a deed conveying the same in fee. By a stipulation contained in the deed, it was to constitute "a full title in law and equity" for the land to Rasberry,

if he should pay to the grantor two notes, each for $1,250, one of which fell due on the 1st of February, 1839, and the other one year thereafter.

A partition of the land was made between Rasberry and his cotenants, and the part which was allotted to Rasberry was sold under an execution issued upon a judgment rendered against him in 1836, and purchased by the appellant. The note falling due in 1840 was assigned by Dorsey to one Plummer, who filed his bill in the circuit court of Yazoo county to enforce the lien reserved in the deed as to the note held by him. That bill was filed against the appellant and Rasberry alone. Dorsey was not made a party to it. Plummer obtained a decree, under which the land allotted to Rasberry was sold, and the appellant became the purchaser for three hundred dollars. When the sale was made under the decree, the appellant had notice that the note which matured in 1839 was outstanding, and that a sum was claimed then to be due upon it.

In 1844, prior to the commencement of the present suit, Dorsey filed a bill in the circuit court of Yazoo county, to enforce his lien as vendor, or the lien which was specially reserved in the deed by which the land was conveyed to Rasberry. That bill was dismissed upon demurrer for want of jurisdiction, the court holding the deed not to be a technical mortgage, and the amount demanded by the bill exceeding the equity jurisdiction of the court.

The decree of the circuit court rendered on that occasion was relied upon as a bar to the present suit, and is urged here as a ground for reversing the decree of the chancellor.

It is the settled rule, that a bill regularly dismissed upon the merits may be pleaded in bar of a new suit for the same matter. This rule is founded upon the most obvious policy; for if the same matter or the same title could be drawn into question again by another original bill, it would open a wide door for the introduction of perjury, and render litigation endless. *Perine* v. *Dunn,* 4 John. Ch. R. 142; 7 Ib. 4. But "to make the dismission of a former suit a technical bar, it must be an absolute decision upon the same point or matter; and the new bill,

it is said, must be by the same plaintiff or his representatives, against the same defendant or his representatives." Story, Eq. Pl. 740, 741, § 790, 791; *Kofie* v. *Kofie*, 7 J. Ch. R. 1.

In the case before us it does not appear from the record that the decree of the circuit court dismissing the bill filed by Dorsey, was rendered in a suit in which the appellant, or any person through whom he derived title, was a party defendant. The only allegation in the pleadings in reference to this matter is contained in the appellant's answer, in which it is stated " that in 1844 the said Dorsey filed his bill in the circuit court of Yazoo county, seeking to subject this land to the payment of the note now filed in this cause, and made a part of complainant's bill; which bill was demurred to generally, the demurrer sustained, and the bill dismissed." It is evident, therefore, upon the rule above laid down, that the appellant was not entitled to set up the decree of the circuit court dismissing the bill as a bar to the present suit.

The deed of Dorsey to Rasberry must be regarded as either a conditional sale, or as a mortgage intended to secure the purchase price of the land. If it be a conditional sale, then no title vested in Rasberry as the condition, that is, the payment of the money secured by the notes was never performed. But, without doubt, the deed, although not in form a technical mortgage, must in equity be regarded as such, and all after incidents which attach to an instrument of that character be given to it. *Baldwin et al.* v. *Jenkins et al.*, 23 Miss. R. 207. Hence the sale under Lambright's execution against Dorsey vested no title in the appellant. *Thornhill* v. *Gilmer*, 4 S. & M. 153; 5 Ib. 730; 13 Ib. 431.

Dorsey, or his representative, was a necessary party to the writ instituted by Plummer against Rasberry for a foreclosure and sale of the land for payment of the note which had been assigned by Dorsey. The decree, therefore, rendered in that case and the sale made under it, did not divest the lien which Dorsey held as a security for the note which had not been assigned. Moreover, the appellant was not entitled to resist relief sought by the bill on the ground that he was a *bonâ fide* purchaser without notice, as it was admitted that he knew the

note was outstanding, and that the holder claimed a sum then alleged to be due upon it.

In the case of the *Bank of England* v. *Tarlton et al.*, 23 Miss. R. 173, it stated as the settled doctrine of this court, that all debts secured by mortgage and due at the date of foreclosure, unless a preference be given to some of them by the terms of the mortgage deed, or unless the original creditor in assigning any of them designed to impart a right of prior satisfaction to the assignee, should be paid *pro rata* in case of an insufficiency in the mortgage fund to pay the whole of them, whether the controversy be between the surety of the mortgagor and the mortgagee, or between the different assignees of the latter.

There is no fact in the record before us which could authorize the presumption that Dorsey, when he assigned the note to Plummer, intended to confer upon him a right to be first satisfied out of the mortgage property. The decree of foreclosure pronounced in the suit by Plummer against Rasberry, and the sale made in execution of it, was, as we have seen, inoperative as to Dorsey. Hence, upon the recognized rule of this court, the appellees were entitled to a decree for the sale of the mortgaged premises. But upon the same rule they are not entitled to have the proceeds appropriated to the payment of their claim in exclusion of the appellant, who must be considered as standing in the attitude of Plummer, the assignee of one of the notes, holding the interest in the lands which passed to Rasberry by operation of the conveyance made to him by Dorsey. Upon this view the appellant is entitled to a *pro rata* distribution of the proceeds; and his demand must be measured by the amount paid for the property when sold under the decree against Rasberry, and the interest accruing thereon up to this date, or up to the date of the sale which will be directed.

The decree pronounced by the chancellor directs that the proceeds arising from the sale of the mortgaged property shall be applied, after payment of the costs, first to the payment of the amount ascertained to be due to the complainants, in exclusion of the claim of the appellant. According to the rule above laid down, this was erroneous. The proceeds should be distributed *pro rata*, if insufficient to pay the demands of both

parties; and if more than sufficient, the appellant would be entitled to the surplus.

We therefore reverse the decree, and order a decree to be entered in this court in conformity with this opinion.