## J. L. LEWIS ET AL. v H. G. ROSS ET AL.

### No. 1098. Decided March 31, 1902.

1.—Vendor's Lien Notes—Assignment with Priority—Innocent Purchaser—Registration.

The assignee of a purchase money note taking by agreement with the assignor a prior lien over another note given on the same purchase, retained by the assignor, and holding an apparently equal lien, will not be protected in the superior lien so acquired against a subsequent purchaser of the other note having no notice of his contract for priority of lien, unless his right thereto is evidenced by a written instrument placed on record. (Pp. 361, 362.)

2.—Foreclosure—Lienholder Not Made Party.

There being two notes outstanding, given on a purchase of land and secured by vendor's lien, the holder of one forclosed, bought in the land, and conveyed it to a third person, but without making the holder of the other note a party to the foreclosure; on foreclosure by the holder of this outstanding note, the holder of the title under the first foreclosure could pay off the incumbrance and hold the land, or could share, with the plaintiff in foreclosure, the proceeds of the sale proportionately to the amounts of their respective notes. (Pp. 360-363.)

3.—Warranty—Remote Vendee—Amount of Recovery.

A warrantor is liable to a remote vendee, on his eviction, to the extent of the price such warrantor received, though the evicted vendee paid a less sum to his immediate vendor. (P. 363.)

4.—Same—Incumbrance—Foreclosure.

The amount of a warrantor's liability by reason of an incumbrance which is in process of foreclosure, can not be determined until the final result of such proceeding is reached, where it may be terminated by either the warrantor or warrantee discharging a lien less in amount than the sum for which the warrantor would be liable on eviction. (P. 363.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Mills County.

Ross and wife sued Mrs. McGuire upon a note and for foreclosure, joining as defendant Casbeer, who claimed the land and vouched in Lewis as his warrantor. Plaintiffs had judgment for .debt and fore-- closure, and Casbeer judgment on the warranty. Lewis and Casbeer appealed and on affirmance of the judgment they obtained writ of error.

*Matthews & Browning, Fred Dew,* and *J. L. Lewis,* for plaintiff in error.—Where a series of negotiable notes are given in consideration for land and a lien is retained in the conveyance to secure such notes, it is lawful for the owner of the notes and lien to assign any of them with preference of lien, by parole, and such assignee thereby acquires a lien superior to his assignor, or those claiming lien rights under him, through such conveyance. And in this case defendant Lewis, by reason of the parole agreement, acquired a lien superior to the said Shultz, Gillespie or appellees. Whitehead v. Fisher, 64 Texas, 638; Douglass v. Blount, 55 S. W. Rep., 526; Douglass v. Blount, 56 S. W. Rep., 334; Frank v. Heidenheimer, 84 Texas, 642; Trust Co. v. Smythe, 29 S. W. Rep., 903; Wilson v. Eigenbrodt, 30 Minn., 4; Phelan v. Olney, 6 Cal., 478; Moore v. Ware, 38 Me., 496; Keys v. Woods, 21 Vt., 331; Roberts v. Halstead, 9 Pa. St., 32; Jones on Mort., 4 ed., sec. 606.

The lien of appellant Lewis on the land in controversy being of equal if not superior dignity with the alleged lien by appellees, and the note secured by such lien having heretofore been reduced to judgment, which is still a valid, subsisting, and unpaid judgment, except $9.75, and said judgment being equal in amount with appellees, less said $9.75, the de- cree should have been so framed as to. allow defendant Lewis propor- tional participation in the funds arising from a sale of said premises. Howard v. North, 5 Texas, 290; French v. Grenet, 57 Texas, 273.

In order for the defendant Casbeer to have recovered any judgment against the defendant Lewis as a remote warrantor of the title to the premises involved, he should have shown by appropriate averments what, if anything, he paid his immediate vendor for said premises. Hall v. Pearson, 1 White & W. C. C., sec. 1211.

Defendant Casbeer never having been actually ousted from possession of the land and having had constructive notice of the alleged incumbrance claimed and sued on by the plaintiff, through his chain of title, there was no breach of defendant Lewis' warranty. Railway v. Gentry, 69 Texas, 625; 7 Am. and Eng. Enc. of Law, 2 ed., 98.

*Leonard Doughty* and *W. M. Allison,* for defendant in error.—Where two negotiable notes are given in consideration of a single tract of land, and the vendor's lien is retained in the conveyance, and in those notes. to secure their payment, and one of such notes is assigned by the original

owner of both of them before maturity, with an agreement that the whole lien shall inure to the payment of the note so sold, which assignment and agreement is unacknowledged and unrecorded, and such owner as a part of the transaction sells the other of such notes to another person with no indorsement to show its subservient character, and such other note afterwards and before its maturity, in the course of trade, comes into the hands of an innocent purchaser for value,—then the lien as recited in the face of such note is valid and subsisting in the hands of such purchaser, and is not affected by the undisclosed agreement between the original owner and his first assignee. Rev. Stats., arts. 4639, 4640, 4641; Moran v. Wheeler, 26 S. W. Rep., 297; Moran v. Wheeler, 27 S. W. Rep., 54, upon application for writ of error, where the case is again fully dealt with; Loan Assn. v. Brackett, 40 S. W. Rep., 721; Patterson v. Tuttle 27 S. W. Rep., 758; Brown v. Thompson, 15 S. W. Rep., 168; Henderson v. Pilgrim, 22 Texas, 476; Frank v. Heidenheimer, 19 S.W. Rep., 855; Webb on Rec. of Titles, secs. 33, 174, 209, and notes; Jones on Mort., secs. 834, et seq.; Murray v. Lylburn, 2 Johns Ch., 441; Strong v. Jackson, 123 Mass., 60; Pepper's Appeal, 77 Pa. St., 373; Reineman v. Robb, 98 Pa. St., 474; Philips v. Bank, 18 Pa. St., 394.

Appellees herein sued McGuire upon vendor's lien note, and made Casbeer a party as one claiming some interest in the land. Appellant was impleaded by Casbeer as warrantor, and answering sets up title to the whole land by reason of a judgment to which appellees were not parties. Failing to sustain his title under such judgment, appellant is without pleading or proof to entitle him to participation in the funds arising from the sale of such land under decree of foreclosure of appellees' lien. Douglass v. Blount, 62 S. W. Rep., 429.

The foreclosure sale under Lewis' judgment against Mrs. McGuire, extinguished his lien, and the unsatisfied portion of that judgment is not now secured by a lien on the land.

BROWN, ASSOCIATE JUSTICE.—H. G. Ross and wife instituted this suit in the District Court of Mills County against Mrs. McGuire upon a note executed by her to J. N. Schultz and to foreclose the vendor's lien upon land described in the petition. Casbeer was joined as a defendant, he being in possession and claiming the land. He vouched in J. L. Lewis, a remote warrantor, and prayed that in case judgment should be rendered foreclosing the lien upon the land, he might have judgment against Lewis upon his warranty. Lewis and Casbeer joined in filing an answer to the petition in which they set up that the note sued upon was one of two given by Mrs. McGuire to J. N. Schultz for the purchase money of the land in question, and that Schultz, for a valuable consideration, assigned the note first to become due to Lewis with the agreement that Lewis should have priority in the payment. It was alleged that the plaintiffs in this suit had notice of this agreement when they acquired the note sued upon.

Lewis instituted suit upon the note held by him and foreclosed the vendor's lien against Mrs. McGuire, but the holder of the note now sued upon was not a party to that suit. Judgment was entered in that case foreclosing the lien and the land was sold under it and purchased by Lewis for $20. Lewis sold to another, giving a warranty deed, and through this source of title the defendant Casbeer claimed by regular conveyances to himself.

From the opinion of the Court of Civil Appeals we copy as follows:

"The undisputed testimony shows that J. N. Schultz conveyed the land to Mrs. M. A. McGuire, October 26, 1895, taking in payment therefor two notes for $175 each, with interest from date at 10 per cent per annum, one due in one and the other in two years; that a lien to secure the payment of each note was expressly stated and retained in each and in the deed from Schultz to McGuire, which deed was duly recorded in Mills County, where the land is situated, before Schultz transferred either note. It was also shown that the note assigned to the plaintiffs was transferred by Schultz to one Gillespie, who in turn transferred it to Mrs. Ross, one of the plaintiffs, before maturity, and that Gillespie had knowledge of the contract between Schultz and Lewis, but the plaintiffs acquired the note without such knowledge and without notice of any fact that would put them upon inquiry, unless it be that knowledge of the fact that another note was given by Mrs. McGuire in part payment for the land and secured by a contract lien of record cast upon them the duty of inquiring of Schultz whether or not he had assigned the other note in such a manner as to diminish his rights as holder of the note involved in this suit.

"There was a nonjury trial resulting in a judgment for the plaintiffs for $263.95, principal and interest, against the defendant McGuire, and a foreclosure of the vendor's lien on the land involved as against the defendants Lewis and Casbeer. Judgment was also rendered for the defendant Casbeer against Lewis on his warranty for the sum of $550, with the proviso that if the defendant Lewis paid off and discharged the judgment in favor of the plaintiffs, such action on his part should operate as a satisfaction of the judgment in favor of Casbeer against him."

As between the plaintiffs in error and the defendants, two questions are presented by the application: (1) That the court below erred in holding that Lewis was not entitled to prior payment of the note held by him, heretofore foreclosed, out of the proceeds of the sale ordered; (2) that the court erred in not allowing Casbeer to participate in the proceeds of the sale of the land under the judgment entered in this case.

Moran v. Wheeler, 87 Texas, 179, very clearly and conclusively settles the first question against the contention of the plaintiffs in error. We need not discuss the question further than to state simply that under the law of this State the deed from Schultz to McGuire gave notice to Mrs. Ross that there was another note outstanding which held a lien upon the land equally with the one she bought. But it gave no notice to her of

any prior right in the holder of the other note. If one who acquires a purchase money note with an agreement for priority of payment desires to preserve that right as against persons who may subsequently purchase the other notes, he may and should take a written assignment of the note purchased, embodying in it the agreement for priority of payment, and have it recorded, and, failing to do so, one who purchases another of the same series of notes without notice of the prior right will take it subject to the legal effect of the reservation of the lien in the deed; that is, equality of lien between the several notes. There was no error in the judgment of the court refusing Lewis priority of payment.

Upon the other question, the court erred in its judgment. Lewis, by his purchase at the foreclosure sale under the judgment procured by him against Mrs. McGuire and Schultz, acquired all of Mrs. McGuire's title in the land and an interest in it absolute in proportion that the judgment under which he purchased held a lien upon the land, and he was entitled, in case of sale under a subsequent foreclosure of the outstanding note, to participate in the proceeds of such sale in the ratio that the two notes bore to each other; that is, the notes being equal, each holder of a note would be entitled to one-half of the proceeds of the sale to the extent of the payment of the note last foreclosed, and if there should be more than sufficient to satisfy the two notes, then the surplus should be paid to Casbeer, who owns the interest that Lewis acquired, because he is the owner of the equity of redemption which Mrs. McGuire had under her purchase. Pugh v. Holt, 27 Miss., 468; Dean v. Hudson, 1 Posey's U. C., 371.

When the note held by Lewis fell due, he had the right to sue upon it and foreclose to the extent that the note held a lien upon the land without making the holder of the other note a party to the suit; but in such case, the judgment would in no way affect the lien of the outstanding note in the hands of a person not a party to the suit. Pugh v. Holt, 27 Miss., 468; Thompson v. Robinson, 93 Texas, 170; Foster v. Powers, 64 Texas, 250; Dean v. Hudson, supra. By his purchase under the judgment rendered in the former suit, Lewis acquired the title of Mrs. McGuire, and also that which had been reserved in the deed to the extent that the judgment foreclosed the lien upon the land. See authorities above cited. Lewis held the land subject to the foreclosure of the outstanding notes to the extent of one-half of the land, and, by reason of his representing the interest of Mrs. McGuire, he had the right to pay off the outstanding note and prevent a foreclosure, or to suffer foreclosure and participate in the proceeds of the sale.

The result of the judgment in this case is that Lewis, by foreclosing his note upon the land and purchase, paid out $20 and satisfied his lien. He is condemned to refund all of the money he received in the sale of the land and denied any part of the proceeds of the sale, whereby he loses the lien that his note held upon the land, and the money that he paid in the purchase, while Mrs. Ross gets all of her debt and Mrs. McGuire gets

the excess, if any, in right of a title which had been sold under a judgment regularly entered against her.

The judgment of the District Court was contrary to the law in denying Lewis his rights as a purchaser under the former judgment, and it must be reversed and judgment here rendered.

The plaintiff in error Lewis complains against his coplaintiff in error that the court erred in rendering judgment in favor of Casbeer for the amount received by Lewis in the sale made by him to Casbeer's vendor. It is contended that Casbeer could only recover against Lewis the sum which the former paid to his vendor, not to exceed the amount which Lewis received in the sale.

In Hollingsworth v. Mexia, 37 Southwestern Reporter, 455, the Court of Civil Appeals of the First District held that one who was evicted from the possession of land might recover upon the warranty of a remote vendor the sum which the latter received as consideration for the sale of the land. The opinion in that case contains a very careful, thorough, and elaborate discussion of the subject, citing, in support of the conclusion reached, these authorities: Brooks v. Black, 68 Miss., 161, 24 Am. St. Rep., 259; Lowrance v. Robertson, 10 S. C., 8; Mischke v. Baughn, 52 Iowa, 528; Dougherty v. Duvall, 9 B. Mon., 57; Cook v. Curtis, 36 N. W. Rep., 692. The cases cited suport the decision. We are of opinion that there is no error in the judgment of the court in this particular.

This court now proceeding to enter such judgment as the District Court should have entered, it is ordered that Mrs. E. B. Ross, joined by her husband, H. G. Ross, do have and recover from the defendant, M. A. McGuire, $175, principal, and 10 per cent interest per annum from October 21, 1895, and that as against the said M. A. McGuire and W. M. Casbeer the lien of the said note be foreclosed upon the land described in the petition, and that the clerk of the District Court of Mills County issue an order of sale directed to the proper officer, commanding him to sell the land as under execution, and that, after paying the cost of the suit and of executing the order of sale, he divide the proceeds into two equal parts, paying one-half to W. M. Casbeer, and out of the other half he discharge the judgment in favor of Mrs. Ross, and if there be an excess of that half after paying the judgment, it be paid over to the said W. M. Casbeer. It is ordered that Mrs. E. B. Ross and H. G. Ross do have and recover of Mrs. M. A. McGuire and W. M. Casbeer all costs of the District Court expended in this cause, except so much as was occasioned by making J. L. Lewis a party to this suit. It is further ordered that J. L. Lewis and W. M. Casbeer recover of Mrs. E. B. Ross and H. G. Ross all costs of the Court of Civil Appeals and of this court. Upon the facts found, this court can not dispose of the rights between W. M. Casbeer and J. L. Lewis, because such rights depend upon contingencies which may not happen and are too uncertain for adjudication in this suit. It is therefore ordered that J. L. Lewis go hence without day, without prejudice to the rights of either party, and that Lewis recover of W. M. Casbeer all costs expended by him on account of his being made

a party to this action. It is further ordered that W. M. Casbeer or J. L. Lewis may pay off and discharge the judgment rendered in favor of Mrs. Ross before any sale is made of the land, in which event all proceedings under this judgment will be stayed.