BISWELL v. GLADNEY et al.
(No. 101–2935.)

(Commission of Appeals of Texas, Section B. June 21, 1919.)

1. VENDOR AND PURCHASER ⬅️261(4)—VENDOR'S LIEN—RELEASE.

An unrecorded instrument, releasing portions of land from vendor's lien, does not affect rights of subsequent purchaser of note secured by lien, who had no actual notice of release.

2. VENDOR AND PURCHASER ⬅️261(4)—VENDOR'S LIEN—FORECLOSURE.

The equitable rule that assignee of a vendor's lien with notice that part of land had been sold subsequent to assignment might be required to so act as not to deprive purchaser of his equitable right to have land not conveyed first subjected to payment of debt is not applicable, where lienholder releases part of security without knowledge of sale.

3. VENDOR AND PURCHASER ⬅️261(4)—VENDOR'S LIEN—CONSTRUCTIVE NOTICE.

The assignee of vendor's lien is not charged with constructive notice of a subsequent recorded deed conveying part of land involved.

4. MORTGAGES ⬅️154(4) — RECORDED DEED —CONSTRUCTIVE NOTICE.

A mortgagee is not charged with constructive notice of a subsequent recorded deed, conveying part of land involved.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by W. H. Biswell against R. L. Gladney and others. Judgment for plaintiff for part of relief demanded was affirmed by the Court of Civil Appeals (182 S. W. 1168) and plaintiff brings error. Affirmed in part, reversed in part and judgment rendered.

Ben H. Stone, of Amarillo, for plaintiff in error.

Kimbrough, Underwood & Jackson and Jas. N. Browning, all of Amarillo, for defendants in error.

MONTGOMERY, P. J. This suit was brought by W. H. Biswell, as plaintiff, against R. L. Gladney, W. H. Burnett, and D. J. Munsey, to recover upon a vendor's lien note executed by Gladney, and to foreclose the lien against all the defendants. Munsey alleged that he had acquired the land upon which the foreclosure was sought under a warranty deed from Will A. Miller, Jr., and made him a party, and sought to recover upon the warranty in the event the plaintiff should recover in the suit. From the undisputed facts shown by the record and the findings of the Court of Civil Appeals, we will make a statement of the material facts.

Charles Brinkman owned a section of state school land subject to an indebtedness for purchase money due the state. On May 19, 1905, Brinkman conveyed this section of land to R. L. Gladney, reserving a vendor's lien to secure the payment of four vendor's lien notes; two for $1,000 each and two for $740 each, the two last notes being due, respectively, on January 1, 1907, and January 1, 1908. The three notes first maturing were paid, and this suit was brought for recovery upon the last note for $740, due January 1, 1908. This note was acquired by Biswell before maturity, and under such circumstances as made him a bona fide purchaser for value, without notice of any defense either to the note or to a foreclosure of the lien, in so far as the defendants are concerned, unless certain recorded instruments were notice to him. Biswell took no written transfer of the notes, and they were, when received by him, indorsed by Brinkman, in blank, with the words "without recourse" written above the indorsement. Various payments were indorsed upon the note sued

upon, and the fact showed that the payments were made by Gladney after the note was acquired by Biswell. In October, 1905, soon after the execution of the notes, Gladney sold and conveyed, by quitclaim deed, to Will A. Miller, Jr., 157$^{47}/_{100}$ acres out of a section of land, same being described by metes and bounds, and as a part of the consideration, though not expressed in the deed, agreed to discharge the lien against the land conveyed and to pay the amount due the state and to procure a patent to the land conveyed. Gladney complied with the contract, and did procure Brinkman to execute and deliver a partial release of the vendor's lien by which the land sold Miller was released and the lien retained on the remainder of the land. This release was never filed for record or recorded. Will A. Miller, Jr., conveyed this 157 $^{47}/_{100}$ acres by warranty deed, and Munsey claims under this conveyance. On May 14, 1907, Brinkman executed a partial release, releasing from the vendor's lien 62½ acres of the land conveyed to Gladney. This release recites that it should not affect the lien on the remainder of the land. The records leave it in doubt whether this release was executed before or after the note was acquired by Biswell. The release above referred to was acknowledged and filed for record on May 29, 1907, and duly recorded. Biswell, after he acquired the note, which was some time about May, 1907, transferred the note by delivery to R. H. Cooper and while Cooper owned the note and on October 27, 1908, Cooper, joined by Brinkman, executed a release to Gladney of 160 acres of the land conveyed by Brinkman to Gladney. This release provided that it should not affect the lien on the remainder of the land. The release was duly acknowledged, but so far as the records show, was not recorded. On January 11, 1909, Cooper executed a partial release of the vendor's lien to Gladney, by which he released to Gladney 265$^{5}/_{10}$ acres of the land conveyed by Brinkman to Gladney. This release was filed for record and duly recorded.

The three releases above referred to cover all the land conveyed by Brinkman to Gladney except the 157 $^{47}/_{100}$ acres conveyed by Gladney to Miller.

After executing the release above set out, Cooper transferred and delivered to the plaintiff, Biswell, the notes sued on in this case. When Biswell took the notes back from Cooper, he knew of the releases executed by Cooper. Neither Biswell nor Cooper ever, at any time, so far as the record shows, had any actual notice or facts putting them upon inquiry as to the execution of the deed by Gladney to Will A. Miller, Jr., or the release by Brinkman of the land conveyed to Miller, unless the record of the deed from Gladney to Miller gave such notice. There was no evidence as to who, if any one, was in the actual possession of the land.

213 S.W.—17

The case was submitted to the jury upon special issues, and the jury found: (1) That there was due on the note sued on at the time of the trial $393; (2) that the payee had released from the vendor's lien the land sold to Miller; (3) that the release to the Miller land was made before the plaintiff acquired the note; (4) that the note sued on was paid before the plaintiff acquired the same; (5) that the note was paid by plaintiff, Biswell.

The Court of Civil Appeals held that the evidence was insufficient to support the finding that the note sued on was paid by plaintiff, Biswell, and that the evidence showed that the note was assigned to plaintiff; with this conclusion we agree.

The trial court rendered judgment for plaintiff against Gladney for the amount due upon the note, but refused to foreclose the vendor's lien against Burnett and Munsey. The plaintiff, Biswell, appealed, and the judgment of the trial court was, by the Court of Civil Appeals, affirmed. 182 S. W. 1168.

The only question in this case is: Was the plaintiff entitled to the foreclosure against the defendants, Burnett and Munsey on the 147 acres of land which they held under the conveyance from Gladney to Miller? Eliminating all immaterial matter, the question of law is whether a purchaser of a note secured by vendor's lien is charged with notice, by the record of a deed from the vendee subsequent to the execution of the vendor's lien note, conveying a part of the property by which the note is secured, and of the equitable right of such vendee to have the unsold portion first subjected to the payment of the debt.

In this regard the rights of the holder of a vendor's lien note are identical with those of the holder of a mortgage note. We do not attach any importance to the fact that a release of the lien to the Miller land was executed by Brinkman. It is conceded that Biswell, when he acquired the note and the lien as an incident thereto, had no notice of this release.

[1] Gladney and Miller had it in their power by record of the release to have notified all parties subsequently dealing with the note and lien that the lien had been released to the Miller land. Having failed to record the release, a subsequent purchaser of the note from Brinkman without actual notice would not be affected by the release. This necessarily follows from the doctrine of Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, and Lewis v. Ross, 95 Tex. 360, 67 S. W. 405 These cases hold that vendor's liens are subject to the registration laws. In the latter case, two vendor's lien notes were executed to Schultz in payment for a tract of land. Schultz assigned one of the notes to Lewis, with the agreement that the notes so transferred should have priority of payment. Subsequently Schultz assigned the other note,

and it passed into the hands of one Mrs. Ross, an innocent purchaser, who had no notice of the agreement as to priority made with Lewis, and it was held that the agreement was a nullity as to Ross. The same principle is announced in Moran v. Wheeler.

When Biswell acquired the vendor's lien note, he had a right to rely upon the record as showing whether or not the lien had been released as to all or any part of the land, and in the absence of the record, unless he had actual notice, he was not affected by the release.

[2] The conveyance from Gladney to Miller did not of itself affect the vendor's lien. The holder of the notes still had a lien upon every acre of the land. And it was not in the power of, Gladney and Miller to effect a release of any part of the security. Equity, however, would require the holder of the lien, with notice of the sale to Miller, not to so deal with the property as to deprive Miller of the equitable right to have the part retained by Gladney first subjected to the payment of the debt; and in the event Gladney afterwards disposed of other portions of the land to have the several parcels subjected to the lien in the inverse order of alienation. This right of the subsequent vendee of mortgaged property is the creation of equity, and can never be enforced in such a manner as to affect or seriously interfere with the rights of the prior lienholder.

If, without notice of the sale to Miller, the owner of the note released a porton of the security, Miller and those claiming under him would have no right to insist that the land released should, in equity, have been first subjected to the lien.

[3, 4] The question in this case is thus narrowed to this: Must a mortgagee or holder of a vendor's lien take notice of the record of a deed to a part of the land by the mortgagor or maker of the vendor's lien note? Is such a deed constructive notice, or must the mortgagee or lienholder have actual notice before any duty devolves upon him with reference to such sale?

"The rule as to selling portions of the mortgaged land in the reverse order of their alienation is never applied to an innocent mortgagee who has no notice of such order. A purchaser, meaning to insist upon the application of this rule for the protection of his property, must give the mortgagee actual notice of his right; and the recording of his deed is not even constructive notice to the mortgagee, as it is no part of the latter's duty to search the records for subsequent conveyances. But when the mortgagee has actual notice, he cannot disturb or disregard the equities between the different purchasers, and must take the consequences of releasing or exonerating the portion to which he should have resorted in the first instance." 27 Cyc. 1372.

The above quotation announces the law as universally recognized, and is in harmony with the decisions of this state. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875; Holmes v. Buckner, 67 Tex. 107, 2 S. W. 452; Lumpkin v. Adams, 74 Tex. 102, 11 S. W. 1070; Frank v. Heidenheimer, 84 Tex. 643, 19 S. W. 855.

As said in Holmes v. Buckner, "The registry of a deed is notice only to those who claim through or under the grantee [grantor] by whom the deed was executed," and as said in White v. McGregor, "The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently acquired some interest or right in the property under the grantor, or mortgagor."

In this case, the deed from Gladney to Miller was no notice to Biswell, who claimed nothing through that conveyance. A purchaser of a mortgage note is required to look only to the records to ascertain whether the mortgagor had a good title at the time the mortgage was executed, and whether the mortgagee has released the lien in whole or in part or made any other contract affecting it; and he is not bound to search the records to ascertain subsequent conveyances by the mortgagor, and no duty arises as to subsequent vendees of the mortgagor until he has actual notice of such conveyance.

We have not found it necessary to discuss the question as to whether Miller, who claimed under a quitclaim deed, and his vendees were in position to have required the land to be subjected to the lien in the inverse order of alienation even if Biswell had notice of the deed to him, as we hold that, whatever the form of conveyance, the right did not exist in this case.

The Court of Civil Appeals found that there was no evidence that the note sued on was paid, as contended by the defendants; and, in the opinion, it is stated that upon this issue it would have reversed the case but for its conclusion upon the other question involved. As we understand the finding, it is that the production of the note indorsed in blank by the plaintiff, Biswell, made a prima facie case, and that there was no evidence sufficient to authorize the submission of the issue of payment of the note to the jury. We have examined the statement of facts, and we find no evidence which, in our opinion, authorized the submission of the issue.

Under the undisputed evidence, Will A. Miller, Jr., conveyed the land claimed by the defendant Munsey by warranty deed, and the price paid to Miller exceeded the amount of the plaintiff's recovery.

We, therefore, recommend that the judgment of plaintiff against Gladney upon the note be affirmed, but that the judgment of the trial court and Court of Civil Appeals, denying a foreclosure, be reversed, and that judgment be here rendered, foreclosing the vendor's lien against all the defendants, and that judgment be further rendered for D. G.

Munsey against Will A. Miller, Jr., for the amount recovered by plaintiff, Biswell.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.