## ALLEN v. HALL.

No. 1236.

Court of Civil Appeals of Texas. Waco.

June 30, 1932.

Rehearing Denied Sept. 15, 1932.

Farrar & Stovall, J. T. Spencer, and G. G. Sweatt, all of Waxahachie, for appellant.

J. C. Lumpkins, of Waxahachie, for appellee.

ALEXANDER, J.

From the verdict of the jury and the undisputed evidence, the facts of this case appear to be as follows: In 1923 W. T. Allen sold and conveyed to Mrs. E. E. Baucom a tract of land in Ellis county, and retained a vendor's lien to secure the payment of eight notes signed by Mrs. Baucom and payable annually to W. T. Allen. Note No. 1 matured January 1, 1925, and note No. 2 January 1, 1926. About January 8, 1925, Mrs. Baucom paid to Allen the amount of notes 1 and 2. The jury found that it was then understood by them that these notes were discharged, released, and canceled. At that time Allen did not have the notes with him. A few days later he presented the notes to Mrs. Baucom and either marked them paid or started to do so, whereupon Mrs. Baucom requested him as an accommodation to her not to mark the notes paid, but to transfer them to some one of her children. She finally selected her son-in-law, L. E. Horne, as the one to whom the notes should be transferred. It seems that there was an outstanding judgment against her and she feared that her creditors would levy upon the property if the lien securing the notes appeared as released. Allen complied with Mrs. Baucom's request by indorsing the notes: "Transferred to L. E. Horne without recourse. W. T. Allen." No separate transfer of the lien was given nor recorded. The jury found that Mrs. Baucom induced Allen to indorse the notes to L. E. Horne upon a statement by her to Allen that she wanted such indorsement as an accommodation, as protection against a suit by her creditors, and that she agreed that such indorsement would not be used to involve Allen. The notes, after being so indorsed, were delivered to Mrs. Baucom and were later delivered by her to Horne. Thereafter Mrs. Baucom conveyed the land to Fred Baucom, who assumed all outstanding indebtedness against it. On January 1, 1926, W. T. Allen, fearing that Mrs. Baucom and her son-in-law, Horne, might negotiate the notes, executed and recorded a release of the lien. Thereafter on February 10, 1926, Horne, at Mrs. Baucom's instance and for her benefit, sold and transferred the two notes to S. T. Hall, who purchased for value, in good faith, and without actual knowledge that the notes had been paid. On April 9, 1926, Fred Baucom conveyed the land to M. F. Allen, who assumed all outstanding indebtedness against it. On May 17, 1926, M. F. Allen conveyed the land to W. T. Allen, the original vendor, but no reference was made in the conveyance to any outstanding indebtedness. S. T. Hall brought suit against Mrs. E. E. Baucom, Fred D. Baucom, and M. F. Allen to recover the debt evidenced by said two notes, and against said defendants and W. T. Allen to foreclose the lien on the land. Judgment was for the plaintiff against Mrs. E. E. Baucom and Fred D. Baucom for the debt and against W. T. Allen for foreclosure of the vendor's lien on the land. The defendant W. T. Allen alone appealed.

The sole question to be determined is whether S. T. Hall is entitled to a lien on the land as against W. T. Allen to secure the payment of the indebtedness evidenced by said notes.

Ordinarily when a vendor's lien note is paid the lien on the land is ipso facto released even though no formal release is executed. Burnett v. Atteberry, 105 Tex. 119, 145 S. W. 582; Stephens v. Moodie (Tex. Civ. App.) 30 S. W. 490 (writ refused). Therefore, when Mrs. Baucom paid to Allen the amount due on the two notes, with the understanding between her and Allen, as found by the jury, that the notes should be discharged, released, and canceled, the lien on the land was released. If such lien ever thereafter became refixed on the land it was by virtue of the doctrine of estoppel only.

It is Hall's contention that Allen, by indorsing the notes to Horne and delivering them to Mrs. Baucom, thereby put it in Mrs. Baucom's power, by delivering the notes to Horne, to clothe him with the indicia of ownership of the notes and lien and that when Hall purchased the notes from Horne for value, without notice that they had been paid, Allen became estopped to plead that the notes had been paid and the lien released. It is true that the indorsement placed on the notes

by Allen was of such character as to evidence ownership of the notes in Horne and if Hall afterwards purchased the notes in good faith, for value, and without actual or constructive notice that the lien had been released, he acquired good title to the notes and lien. Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066. However, it appears without dispute that prior to the time Hall purchased the notes, Allen had executed and recorded a release of the lien. The owner of a vendor's lien note may release the lien and negotiate the note stripped thereof provided the purchaser has notice that the lien has been released. Biswell v. Gladney (Tex. Com. App.) 213 S. W. 256, par. 1. A release of a vendor's lien on land is such an instrument concerning land as may be recorded, and subsequent purchasers of such note are charged with constructive notice of the release of the lien when it is so recorded. Revised Statutes, articles 6626 and 6627; Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54–55; Lewis v. Ross, 95 Tex. 358, 67 S. W. 405–406; Biswell v. Gladney (Tex. Com. App.) 213 S. W. 256, par. 1. Since a release of the lien was of record at the time Hall purchased the notes, he was charged with constructive notice thereof and he did not acquire good title to the lien.

■■■ Hall concedes the general proposition that a purchaser of vendor's lien notes is charged with constructive notice of a recorded release of the lien, but contends, as held in the cases of Broun v. Busch, 61 Tex. Civ. App. 66, 128 S. W. 1156, and Busch v. Broun (Tex. Civ. App.) 152 S. W. 683, that this doctrine applies only when the release is executed by one lawfully authorized to execute a release, and he here asserts that Allen had parted with title to the notes and lien and had no right to release the lien at the time he undertook to do so. When the notes were paid off, Allen, as the owner and holder of the notes and lien, had the right to execute a formal release of the lien, and if he ever lost that right it was by estoppel only. He was not estopped as to Hall because he executed the release before Hall acquired any interest in the notes. Neither Mrs. Baucom nor Horne were in position to sustain a plea of estoppel. Mrs. Baucom understood that the lien was released at the time the notes were paid, and Allen delivered the notes to her purely as an accommodation with the understanding that they would not be so used as to injure Allen. She did not understand that she was acquiring the lien and therefore cannot plead estoppel. As to Horne, the jury found that while the notes were indorsed to him, they were delivered to Mrs. Baucom and that Horne afterwards, at her instance and for her benefit, transferred the notes to Hall. This at least was an implied finding that Horne had no beneficial interest in the notes, but merely held them in trust for Mrs. Baucom. If this be true, his plea of estoppel was not good. Upon the trial Mrs. Baucom and Horne testified that the notes were delivered to Horne by Mrs. Baucom as collateral to secure an old debt owing by Mrs. Baucom to Horne's wife, growing out of a previous oil transaction. If it be conceded that this is true, still no extension of time was granted on the old debt or anything of value given for such security. Neither Horne nor his wife were put in any worse position by reason of having accepted the security, and they therefore were not in position to sustain a plea of estoppel against Allen's right to release the lien. Allen, therefore, was the proper person to execute a release of the lien at the time he did so and Hall was charged with constructive notice by the record thereof.

The judgment of the trial court foreclosing the lien on the land is reversed, and judgment here rendered that the plaintiff take nothing as against W. T. Allen and denying plaintiff a foreclosure on the land. The judgment of the trial court in all other respects, is affirmed.