### RATLIFF v. RUSSEK et al.
### No. 2802.

Court of Civil Appeals of Texas. El Paso.
March 23, 1933.

Rehearing Denied April 27, 1933.

W. E. Rogers and C. L. Galloway, both of El Paso, for appellant.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellees.

WALTHALL, Justice.

Mrs. Clara Y. Russek, joined by her husband J. Y. Russek, brought this suit against Elias Hernandez, R. M. Ratliff, R. A. Mora, and Louisa M. Gonzalez, a feme sole, to recover on two certain promissory notes numbered 3 and 5, of a series of six notes numbered consecutively from 1 to 6, each note being for the sum of $1,000, interest and attorney's fees.

The record shows substantially the following: On March 25, 1927, Louisa M. Gonzalez, by warranty deed conveyed to R. A. Mora the west one-half of the 6.34 acres of land known as the Venice place on the county road and received therefor as part consideration, six promissory notes, each for $1,000, signed by R. A. Mora and made payable to Louisa M. Gonzalez. The notes are designated by their serial number from 1 to 6 and are so referred to in the record. The notes are due and payable beginning one year after date; that is, note No. 1 is due one year after date, note No. 2 is due two years after date, and so on through the series of notes, note No. 6 becoming due six years after date.

The deed conveying the land, and the notes themselves, each retain and express a vendor's lien on the land to secure their payments. The notes each express the usual accelerating maturity clause, interest, and attorney's fee if placed in the hands of an attorney for collection. Notes numbered 1, 2, and 4, were paid, and default was made in the payment of note 5 and the series of notes were declared due by the plaintiffs, the holders of note 5.

By proper assignment, indorsement, and transfer of the lien notes Nos. 3 and 5 become the property of Mrs. C. Y. Russek.

In the assignment and transfer of notes 3, 4 and 5 and the lien, by Louisa M. Gonzalez, to the mortgage company, she inserted the following: "It is expressly agreed and understood, however, that the lien securing the payment of notes 3, 4 and 5 here transferred shall be in all things prior and superior to the lien securing the payment of the other notes of this series to-wit: Note No. 6."

The transfer bearing the above quotation was made while Louisa M. Gonzalez was the owner and holder of note 6; the transfer was duly recorded.

There was no notation on note 6 indicating the agreement as above, and nothing to indicate that the lien as to the other notes was to be prior or superior, or to take precedence over note 6.

Plaintiffs allege that Mora made some kind of conveyance of the property to Hernandez, and that Louisa M. Gonzalez is asserting some claim to the property, and that both Hernandez and Louisa M. Gonzalez, by reason thereof, are liable on the notes.

Plaintiffs, Mrs. Russek and husband, owned notes 3 and 5, and asked judgment for their debt against all defendants except R. M. Ratliff; that the vendor's lien on the property be established as against all parties as a first or prior lien and judgment foreclosing said lien to satisfy their debt and costs.

Hernandez and Mora answered by general demurrer and general denial.

R. M. Ratliff answered by general demurrer and general denial, and by special answer asserting ownership of one note (note 6), alleged that Mora and Hernandez assumed the payment of said note and have not paid same and that it is now due and payable, with interest and attorney's fees.

Ratliff further alleged that he is a bona fide purchaser of said note (note 6) for a valuable consideration "without any actual knowledge of any defects or anything that

would injure said note or make it inferior to any other note, but that said note is a first lien on the property described in plaintiff's petition." Ratliff asked that Mora, Louisa M. Gonzalez, and Hernandez be cited to appear and answer this his cross-action, and that he have judgment against them for his debt, interest, and attorney's fee. Ratliff filed a motion for a continuance to get service on Mora, Hernandez, and Louisa M. Gonzalez. The court overruled Ratliff's motion for continuance.

The case was tried without a jury. The court heard the evidence and entered judgment for plaintiffs Russek and wife against Mora and Hernandez for the amount of the debt ($2,214.35), interest, and costs; that plaintiffs have a first and valid vendor's lien on said tract of land and ordered same foreclosed as to all defendants, including Ratliff; ordered that Ratliff's cross-action against Mora, Hernandez, and Gonzalez be dismissed "without prejudice."

The trial court filed findings of fact and conclusions of law.

Briefly, the court found: Plaintiffs were the owners of notes 3 and 5, and Ratliff was the owner of note 6; that the payment of the notes was secured by the land described; that while the notes were held by Mrs. Gonzalez she sold the notes now held by plaintiffs and designated and declared notes 3 and 5, to be a first lien on the property; that she later transferred note 6 to Ratliff; that her declaration of the notes (3 and 5) as first lien notes was placed of record prior to her sale and delivery of note (note 6) to Ratliff; all notes are past due; Ratliff seeks to have case continued to get service in his cross-action on the maker of the note, the payee, and indorser on the note and Hernandez who assumed to pay the note, but "the delay was denied him for no reason than that the plaintiff had a right to have his hearing on his notes without being required to delay such hearing and determination until the defendant Dr. Ratliff could prepare and present his cross action."

The court further found that "R. M. Ratliff did not have actual knowledge that the note he claims in this suit was made a second lien by the payee at or before the time the said Ratliff purchased same."

Ratliff alone prosecutes this appeal.

## Opinion.

Two questions are presented.

First: Was it reversible error to refuse Ratliff's motion to continue the case until he could get service on Mora, Hernandez, and Mrs. Gonzalez, on his cross-action?

Plaintiffs filed their suit on April 18, 1932. The record does not show when defendant Ratliff was served with citation; the record shows that his original answer was filed on May 2, 1932, and his amended answer was filed on June 18, 1932. Ratliff's motion for continuance to pass the case until the September term of the court to get service on Mora, Hernandez, and Mrs. Gonzalez, was filed June 28, 1932. The motion for continuance shows that all three of the parties live in El Paso county, and were defendants in the suit and two had filed answers. At the time of filing the motion no steps had been taken to get service and no reason is stated in the motion why defendant in his cross-action had not had service on Mora, Hernandez, and Mrs. Gonzalez for the May term of the court which commenced on May 2d.

■ We have concluded that sufficient diligence to get service on the parties for the May term of the court is not shown to justify this court in holding that the trial court abused his discretion in overruling the motion. The parties were necessary parties to the cross-action and Ratliff was authorized to make them parties defendant in his cross-action, but "not at a time" so as to "unnecessarily delay the trial of the case." The law exacts diligence of a cross-action defendant in bringing in new parties.

Second: The record shows that when the notes were executed and delivered they were equally and alike secured as purchase-money notes of the land described in the plaintiff's petition, that is, they were all alike vendor's lien notes.

The court found, and the record shows, that after the execution and delivery of the notes to Mrs. Gonzalez, and while the notes were held by her, she sold the notes 3 and 5, now held by plaintiffs to the First Mortgage Company of El Paso, and by written conveyance transferred to the mortgage company the lien securing same; said transfer contained the following: "It is expressly agreed and understood, however, that the lien securing the payment of notes Nos. 3, 4 and 5, here transferred shall be in all things prior and superior to the lien securing the payment of the other notes of this series, to-wit: Note No. 6."

Said transfer was duly recorded, and the dates of the transfer and record were prior to the purchase by Ratliff of note 6. All of the notes in the series were paid except the notes involved in this controversy, namely, 3, 5, and 6.

■ Appellant, Ratliff, makes the contention that the court erred in "finding that appellant was visited with notice from the County Clerk's office where the transfer to appellees was recorded showing that they had a prior lien to appellant's note in view of the fact that appellant showed that he bought said note in due course of business without actual knowledge of any defect whatever of anything that would make said note a second lien on said property subject to the appellee's lien, and because the appellant was not bound by constructive notice but on actual notice under the statutes of this state."

We might add that the record shows that Ratliff bought the note in due course of business, paying consideration therefor, and "without actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument (note) amounted to bad faith." The only notice, knowledge, or information Ratliff had that the vendor's lien expressed in the note had been made a second lien to notes held by appellees was by reason of the transfer of such lien by Mrs. Gonzalez to the First Mortgage Company and the record of such transfer, as above stated.

The question presented is: Do sections 52 and 56 of article 5935 of our Negotiable Instruments Act have any application under the facts of this case? More specifically and concretely stated, did the act of Mrs. Gonzalez in making the vendor's lien, then a first lien, expressed in Ratliff's note, a second lien to that expressed in notes 3 and 5 held by appellees, create such infirmity in Ratliff's note, or defect in his title to such note, as to make applicable the sections of the above article of the statute. The act of Mrs. Gonzalez in making the lien a second lien affected only the lien expressed in the note. It is clear that the change of the lien in the note did not create a defect in the title to the note. Did it create an infirmity in the note?

We have concluded that the lien although expressed in the note was not such a part of the note that the change made created an infirmity in the note.. If we are not in error in so holding, the conclusion would necessarily follow that the Negotiable Instruments Act has no application, and Ratliff would be charged with the record notice of such transfer of the lien.

A change or release of a vendor's lien on land is such an instrument concerning land as may be recorded, and subsequent purchasers of such note are charged with constructive notice of the change or release of the lien when so recorded. Revised Civil Statutes, arts. 6626 and 6627; Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Lewis v. Ross, 95 Tex. 358, 67 S. W. 405; Biswell v. Gladney (Tex. Com. App.) 213 S. W. 256; Allen v. Hall (Tex. Civ. App.) 52 S.W.(2d) 661, 663, in which it is said: "The owner of a vendor's lien note may release the lien and negotiate the note stripped thereof provided the purchaser has notice that the lien has been released." Such notice is provided in the registration laws, as above.

We think the court was not in error in the holding and judgment rendered.

The case is affirmed.

HIGGINS, Justice (concurring).

In so far as concerns the priority of liens the Negotiable Instruments Act (Rev. St. 1925, art. 5932 et seq.), in my opinion, has no application. The Registration Act (Rev. St. 1925, art. 6591 et seq.) controls. The priority agreement made by Louisa M. Gonzalez was duly recorded when appellant acquired note No. 6 and under the Registration Act Ratliff had constructive notice of the agreement in so far as it affected the lien which he acquired with the note.

An agreement relating to a vendor's lien affects the title to land; it is subject to registration and when duly recorded operates as constructive notice to all persons subsequently acquiring such lien and they are bound by such agreement. Lewis v. Ross, 95 Tex. 358, 67 S. W. 405, 406; Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Busch v. Broun (Tex. Civ. App.) 152 S. W. 683; Biswell v. Gladney (Tex. Com. App.) 213 S. W. 256; Allen v. Hall (Tex. Civ. App.) 52 S.W.(2d) 661.

Appellant invokes sections 52 and 56 of the Negotiable Instruments Act (Rev. St. 1925, art. 5935) and contends that in order to be bound by the agreement he must have had actual notice thereof; that constructive notice afforded by registration is insufficient.

In Lewis v. Ross, supra, Judge Brown said: "If one who acquires a purchase-money note with an agreement for priority of payment desires to preserve that right as against persons who may subsequently purchase the other notes, he may and should take a written assignment of the note purchased, embodying in it the agreement for priority of payment, and have it recorded; and, failing to do so, one who purchases another of the same series of notes without notice of the prior right will take it subject to the legal effect on the reservation of the lien in the deed,—that is, equality of lien between the several notes."

When that ruling was made, it had long been the settled law in this state that the ordinary rules as to constructive notice had no application to the purchase of negotiable instruments. Wilson v. Denton, 82 Tex. 531, 18 S. W. 620, 27 Am. St. Rep. 908; Forster v. Ry. Co. (Tex. Civ. App.) 176 S. W. 788; First Nat. Bank v. Chapman (Tex. Civ. App.) 164 S. W. 900; Pope v. Beauchamp (Tex. Civ. App.) 159 S. W. 867; Stephens v. Summerfield, 22 Tex. Civ. App. 182, 54 S. W. 1088; Mulberger v. Morgan (Tex. Civ. App.) 47 S. W. 379; Turner v. Grobe (Tex. Civ. App.) 44 S. W. 898; Hynes v. Winston (Tex. Civ. App.) 40 S. W. 1025.

This being true the rule announced in Lewis v. Ross, is in no wise changed by sections 52 and 56 of the Negotiable Instruments Act (Rev. St. 1925, art. 5935):

A lien is a mere incident of the debt. One acquiring a note secured by a vendor's lien is charged with notice of all duly recorded instruments affecting such lien and takes the

lien in the status which the records disclose it to be.

Lewis v. Ross, and the other cases first cited clearly uphold the priority of appellee's lien.