## MANSUR & TEBBETTS IMPLEMENT COMPANY v. H. &. B. BEER.

### Decided April 27, 1898.

**1. Foreign Corporation—Permit to Do Business in Texas.**

A permit to do business here is not necessary under the statute to enable a foreign corporation to prosecute a suit for property that it owns in this State, when there is nothing to indicate that the subject matter grew out of the business in which it is engaged.

**.2. Same—Pleading—Practice on Appeal.**

The question of the right of a foreign corporation to sue in this State, where there is no allegation in its petition of a permit to do business in the State, can be raised for the first time in the appellate court. Following Taber v. Association, 91 Texas, 92.

**3. Lis Pendens—Vendor's Lien Notes.**

A suit to restrain the negotiating of vendor's lien notes by the pledgee thereof does not serve as a basis for the rule of lis pendens so as to affect the rights of persons dealing with reference to the land, and such persons are not affected by the subsequent commencement of a cross action to foreclose the liens.

**4. Innocent Purchaser of Vendor's Lien Notes—Notice.**

A purchaser for value in good faith of vendor's lien notes is not affected by prior vendor's lien notes which were given to the vendor on a sale prior to the sale in which the notes in question were given, and were assigned by him, where a deed back from the first purchaser to the vendor, reciting as a consideration the sum for which the first notes were given, was recorded in the meantime, and the purchaser of the latter notes had no notice that the earlier notes were outstanding.

**5. Same—Consideration—Purchaser for Value—Extension of Time.**

The extension of the time for payment of a debt constitutes a sufficient consideration for a note to make the holder a purchaser for value.

**6. Same.**

The purchaser of a vendor's lien note before maturity and without notice occupies the same position as if he had purchased the land.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*McCormick & Spence,* for appellant.

*Scarborough & Scarborough,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 253 acres of land out of the Langford Fitzgerald survey in Hill County, instituted by appellant against appellees. The case was tried by the court and resulted in a judgment for appellees. We find that in February, 1891, D. Landman conveyed the land in controversy to S. Scogin for $500 in cash and four notes for $500 each, due February 1, 1892, 1893, 1894, and 1895, respectively. A vendor's lien was reserved in each note as well as the deed to secure payment of deferred payments. Two of the notes, the one first due and the one last due, were, in the early part of 1892, indorsed by Landman to appellees, to secure a debt of $1000 due by Landman to appellees. In December, 1892, Landman instituted suit in the District Court of McLennan County against appellees, alleging that the debt evidenced by his note for $1000 grew out of a

gambling transaction and was therefore void, and praying for its cancellation and for a writ of injunction to restrain them from negotiating the vendor's lien notes. The case was tried in the District Court, and having finally found its way to the Supreme Court, it was held that the parties would be left in the same position in which they had placed themselves, and the cause was remanded. Beer v. Landman, 88 Texas, 450.

After the case was returned to the District Court, on September 3, 1895, H. & B. Beer filed a cross-bill, making Scogin and Esters, whose connection with the case is hereinafter explained, parties in addition to Landman, in which it was sought to foreclose the vendor's lien on the notes which had been indorsed to them by Landman. The lien was foreclosed, an order of sale was issued, and in March, 1896, the land was sold and appellees became the purchasers, and the deed of the sheriff was duly recorded on March 7, 1896. The deed from Landman to Scogin was recorded in the deed records of Hill County on February 25, 1892, and in said deed a vendor's lien was retained to secure the payment of the notes.

In January 1894, while the suit was pending between Landman and H. & B. Beer, Scogin and wife for the recited consideration of $2000 reconveyed the land in controversy to Landman. It was filed for record on January 17, 1894. On January 16, 1894, Landman conveyed the land in controversy to Charles Esters, reciting the consideration to be $500 in cash and two notes for $1000 each, due November 1, 1894, and November 1, 1895. Landman being indebted to appellant, in 1894 agreed in consideration of an extension of time on his note to turn over the Esters note to appellant as collateral security. This offer was accepted, and on October 24, 1894, Esters, in consideration of an extension of his notes, executed three notes to cover the principal and interest of his original notes, and these notes were indorsed by Landman in blank, and placed in the hands of appellant. On April 13, 1896, appellant herein instituted suit against Landman and Esters, a foreclosure of the vendor's lien being prayed for. On September 29, 1896, appellant obtained judgment of foreclosure and an order of sale was issued. The land was sold and appellant became the purchaser, and a deed was made to it by the sheriff and was duly recorded.

It was alleged in the petition of appellant that it was a corporation chartered under the laws of the State of Missouri, doing business in the State of Texas, but there was no allegation that it had a permit to do business. Appellant proved, without objection, that it had a permit to do business in Texas, for ten years from September 4, 1889. No attack was made by appellees upon appellant in the lower court on the ground that it could not sue by reason of not alleging that it had a permit to do business in Texas, but such contention is made for the first time in this court. It has been held by the Supreme Court (Taber v. Association, 40 Southwestern Reporter, 954), that a foreign corporation can not sue in Texas without alleging and proving that it has a permit to do business in the State, and if this construction of the statute be correct, then the

question can be raised here for the first time. We are of the opinion, however, that the statute is not applicable to the case before us. If it could be held that the status of the corporation would be fixed by the circumstances surrounding the debt due by Landman to appellant, the reply would be that there is no testimony indicating when or where the debt was made, or that it would be comprehended in the terms of the statute. A proper construction of the statute, we believe, would confine the inquiry to the subject matter of this suit, and would not permit inquiry into the character of a claim upon which rested the judgment or foreclosure of the lien on the land by virtue of the notes given by Esters. The presumption would prevail that appellant showed its right to recover in that case. This suit could not be properly termed a demand arising out of contract or tort as between the parties to it, but is an effort on the part of a corporation to establish its right to land which it claims to own. No connection is shown between the suit for the land and the business in which the corporation was engaged. We can not think that it was the legislative intention to prevent a foreign corporation without a permit from prosecuting suits for property that it owns in the State, when there is nothing to indicate that the subject matter grew out of the business in which it is engaged.

We do not believe the doctrine of lis pendens arises in this case, for the reason that up to the time the notes given by Esters were indorsed to appellant, the only suit pending was one by Landman to restrain H. & B. Beer from negotiating the notes given by Scogin and to have them placed in the possession of Landman. The cross-action to foreclose the lien was not filed until a year after appellant had obtained possession of the notes. The suit pending at the time of the transfer of the notes is the one that must serve as a basis for the rule of lis pendens and not matters raised by subsequent amendments or suits. Wortham v. Boyd, 66 Texas, 401; Hoffman v. Blume, 64 Texas, 334; Freem. on Judg., sec. 199. The action to recover the notes was not such an one as to create notice by lis pendens, for that doctrine extends to suits in law or equity which involve the title to a specific tract of land, or which are brought to establish an equitable estate, interest, or right in an identified parcel of land, or to enforce any lien, charge, or incumbrance upon land. Pom. Eq. Jur., sec. 635; Green v. Rick (Pa.), 15 Atl. Rep., 497.

The registration of the deed from Landman to Scogin gave notice that the land had been conveyed and that a lien had been reserved on it to secure the payment of $2000 of the purchase money. The superior title to the land was still in Landman, and had he seen proper to have released the lien to the land to Scogin and the latter had sold the land to an innocent purchaser, he would have been protected, for the reason that no transfer of the notes had been placed on record. Moran v. Wheeler, 87 Texas, 179; Building and Loan Assn. v. Brackett, 40 S. W. Rep., 720. As a reason for the first decision cited, it is stated by the Supreme Court that "it is the policy of the law to require that all matters affecting the title to lands should be placed upon the public records, so that one who

seeks to purchase it may safely judge of the validity of the title. When a purchaser who seeks to buy land has examined the records of titles, and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon inquiry as to any matter not of record, he has the right to presume that any person claiming an adverse right would have placed the same upon record, and that there is none." There was no release in this case by Landman of the vendor's lien, but when appellant obtained the notes executed by Esters, there was on record a deed from Scogin to Landman to the land in controversy for the consideration of $2000, the sum for which the notes were executed. The legitimate inference was that the balance of the purchase money was paid by a reconveyance of the land to Landman. Appellees were not in possession of the land at that time. The facts, we think, bring this case within the purview of the case cited. There was nothing on record to arouse suspicion, or to incite inquiry upon the part of appellant, but if there had been it was shown that inquiry was made and that it resulted in confirming the conclusions which were reasonably deduced from the record.

We are of the opinion, therefore, that appellant was a purchaser of the notes in good faith without notice, and that the extension of the time of payment of the debt due by Landman made it a purchaser for value. Steffian v. Bank, 69 Texas, 513.

Upon the purchase of the notes appellant occupied the same position that it would have occupied as purchaser of the land. Frank v. Heidenheimer, 84 Texas, 642. There can be no doubt that if appellant had purchased the land at the time it obtained the notes that it would have obtained title to the land.

It follows that the judgment of the District Court should be reversed and judgment here rendered in favor of appellant for the land in controversy, and it is accordingly so done.

*Reversed and rendered.*

Writ of error refused.