WESTERN UNION TELEGRAPH CO. v. TRUE et al.

(Court of Civil Appeals of Texas.  Dec. 8, 1910.  Rehearing Denied Jan. 5, 1911.)

TELEGRAPHS AND TELEPHONES (§ 38*)—DELAY IN DELIVERY OF MESSAGES—DAMAGES.

Where the sendee of a message, reading, "Party failed to arrange deal. If you want cattle, come here," informed the receiving operator that he expected an important message pertaining to a cattle deal, which might cause a large loss if he failed to get the message promptly, the company was chargeable with notice of the transaction, though the details thereof were not disclosed, and were liable for resulting damages from its delay.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. R. True and others against the Western Union Telegraph Company. From a judgment for plaintiffs, defendant appeals.  Affirmed.

The only difference between the testimony and pleading upon the trial from which the present appeal was taken, and the testimony and pleading upon the trial from which the former appeal was taken, is as to the statement made by True to appellant's operator at Ryan concerning the prompt delivery of the telegram. The statement and evidence of the case, with the exception of the statement of True to the operator hereinafter set out, are fully stated in the opinion of the Supreme Court in this case in 106 S. W. 315, and it is entirely unnecessary to here undertake to again state the same. The statement and evidence in that opinion, with the exception of the statement of True to the operator hereinafter set out, and which is added to the statement of that opinion as the evidence in the instant appeal, and the conclusions of fact, are here referred to and adopted. Upon the former trial and appeal it appeared in the pleading and proof in the record that the statement made to the receiving operator by True was "that he was expecting an important telegram, and that he desired to have it promptly delivered to him as soon as it was received at Ryan." In the instant record it appears from the evidence, in the direct examination of True, that on True's last visit in the afternoon to the telegraph office in inquiry of the receipt of the message, and after the operator had informed him that no message had come, True then said to the operator, "I would like very much if you will deliver this message to Jackson & Bird's store; turn it over to them, as I have made arrangements with them to get it delivered to me out at the ranch at once when it comes, and he said, 'All right, I will do it.' I then remarked to him, 'This message is very important; it pertains to a cattle deal in which if I fail to receive it it will cause me to lose several thousand dollars, and I want you to be sure and deliver it there without fail at once.' He told me he would do it." On cross-examination the witness reiterated his statement made to the operator. He says, on direct question, "that he did not tell the operator he would lose any money" if the message was not delivered to him, "but that he was liable to do so." In another place it appears that he

stated to the operator, "It might cause me to lose several thousand dollars." So, in view of the cross-examination, it would seem, and we so take it, that the witness meant and intended to be understood as informing the agent, "This message is very important; it pertains to a cattle deal which might cause me to lose several thousand dollars if I fail to receive the message. I want you to be sure to deliver it there, without fail, at once." That True made such statement at all to the operator is disputed, however, in the record; but, as the verdict of the jury on this conflict was a decision in favor of appellees, we assume the truth of such finding and adopt the finding in the language last set out.

Henry D. Estabrook, Geo. H. Fearons, and Spoonts, Thompson & Barwise, for appellant. Stewart & Templeton and McLean & Scott, for appellees.

LEVY, J. (after stating the facts as above). In the former appeal the Supreme Court, after stating the facts, said: "The facts established beyond controversy the liability of the telegraph company to the defendants in error for such damages as they can establish by proper evidence, and the only question which is presented to this court for decision is, Did the message with the attending circumstances charge the telegraph company with notice of the transaction between Davidson and True?" The facts of the instant appeal are the same as in the former appeal, except as to notice to the agent, which is more extended here than before. Appellant admits that the facts are the same except as to that which pertains to the notice. Therefore, if all the present facts are sufficient to charge the company with notice of the transaction between Davidson and True, and we think it must be so ruled, then all assignments bringing in review the liability of the appellant must be overruled. And as the remaining assignments complaining of the charge of the court and procedure present no reversible error, the judgment, we think, should be affirmed.

The language of the message was, "Party failed to arrange deal. If you want cattle, come here." True stated to the operator further, "It pertains to a cattle deal which might cause me to lose several thousand dollars if I fail to get the message. I want you to be sure and deliver it at once." According to the interpretation of the Supreme Court of the face of the message, the operator by the terms of the message would reasonably have understood and been informed that Davidson had theretofore had on hand with another party, not named, a deal for the cattle which the party had failed to consummate, and that True knew of this negotiation between Davidson and the other party, and that True was being informed of the failure of the other party to carry out the deal, and that True was offered the opportunity to purchase the cattle. In the light of the statement of True the operator could further have understood and been informed that the words "If you want the cattle, come here" referred to some pending understanding or deal about the cattle between Davidson and True. True said, "It pertains to a cattle deal which might cause me" to lose money. If the message and statement of True were reasonably sufficient to disclose to the operator that the object of the message was to enable True to carry out some understanding between Davidson and True about the purchase of the cattle, and that loss might result to True from a failure to deliver the message with promptness, and we think so, then the details of the understanding could have been known to the operator by inquiry of True. It is not required that the details of the transaction be disclosed in order to create a liability on the part of appellant. It is sufficient if the message in the light of the attending circumstances disclosed enough of its nature and importance to put an ordinarily prudent person upon inquiry as to the attendant details of the transaction. 2 Joyce on Electricity, 952; Western Union Tel. Co. v. Edsall, 74 Tex. 329, 12 S. W. 41, 15 Am. St. Rep. 835; Tel. Co. v. Adams, 75 Tex. 535, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Tel. Co. v. Turner, 94 Tex. 304, 60 S. W. 433; Tel. Co. v. Carter, 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826.

The judgment was ordered affirmed.