CREWS & WILLIAMS v. GULLETT GIN CO.  (No. 5682.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916. Rehearing Denied Nov. 29, 1916.)

1. CORPORATIONS ⚖⇒672(7)—ACTION BY FOREIGN CORPORATION — PLEADING — COMPLIANCE WITH STATUTE.

In action by foreign corporation, where the petition does not show that the corporation is transacting business in the state, it is not necessary that it allege that the corporation has obtained a license to transact business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2647, 2648; Dec. Dig. ⚖⇒672(7).]

2. JUDGMENT ⚖⇒252(3)—PLEADING TO SUSTAIN.

In action against a partnership composed of two partners, where the petition, although it contained no specific prayer for judgment against each defendant, concluded with a prayer for judgment for the amount of plaintiff's debt, interest, and attorney's fee, etc., and "for such other and further relief to which it may show itself entitled," etc., it authorized judgment against the defendants individually.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 441; Dec. Dig. ⚖⇒252(3).]

3. APPEAL AND ERROR ⚖⇒907(3)—RECORD — PRESUMPTIONS.

Upon appeal from judgment for plaintiff, where there is no statement of facts, necessary allegations of the complaint will be presumed to have been established by proof.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⚖⇒907(3).]

4. EVIDENCE ⚖⇒80(1)—PRESUMPTIONS—LAWS OF OTHER STATES—INTEREST.

In the absence of proof on the subject, it will be presumed that the law of another state is the same upon the subject of interest as the law of the state in which the case is tried.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ⚖⇒80(1).]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by the Gullett Gin Company against Crews & Williams. From judgment for plaintiff, defendant appeals. Affirmed.

S. R. Allen, of Hamilton, for appellant. A. R. Eidson, of Hamilton, for appellee.

KEY, C. J. Appellee sued appellants and recovered a judgment upon four promissory notes and foreclosing a chattel mortgage on certain personal property, and the defendants have appealed.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The first assignment charges the court erred in rendering judgment against the defendants because it appears from plaintiff's petition that plaintiff is a foreign corporation doing business in this state, and it is not alleged or shown that the plaintiff has complied with the laws of the state of Texas, authorizing it to do business in this state, and authorizing it to prosecute a suit within the state. The answer to this assignment is that the plaintiff's petition does not allege that the plaintiff was transacting business in Texas, and therefore it was not necessary to allege that it had obtained a license to transact such business. Implement Co. v. Beer, 19 Tex. Civ. App. 311, 45 S. W. 972; Brin v. Shirt Co., 43 S. W. 295; Telephone & Telegraph Co. v. Kellogg, etc., 62 Tex. Civ. App. 402, 132 S. W. 963; Erwin v. Powder Co., 156 S. W. 1097. Appellant has brought up no statement of facts, and therefore we have no knowledge as to what was shown by the testimony upon this or any other point involved in the appeal.

[2] The plaintiff's petition shows on its face that the suit was brought against Crews & Williams, a partnership composed of J. C. Crews and Joe E. Williams; and, while there was no specific prayer for a judgment against each defendant, the petition concluded with a prayer for judgment for the amount of the plaintiff's debt, interest, and attorney's fee, with foreclosure of its chattel mortgage, "and for such other and further relief to which it may show itself entitled," etc. Hence we overrule the second assignment, which charges that the petition did not authorize a judgment against the defendants individually. Cothran v. Marmaduke & Brown, 60 Tex. 370; Robertson v. Tonn, 76 Tex. 538, 13 S. W. 585; Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 939; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478.

The third assignment of error complains of the action of the court in overruling appellants' motion for a new trial based upon the ground of newly discovered evidence. That motion was properly overruled. It did not show sufficient diligence, and was defective in other respects.

[3, 4] The fourth assignment relates to the question of interest, the contention being that the plaintiff was not entitled to a judgment bearing 8 per cent. interest, because it did not plead the rate of interest allowed by law in the state of Louisiana, where the notes were made payable. The petition alleged that the notes bore interest at the rate of 8 per cent. per annum; and, there being no statement of facts, we must presume that the allegation referred to was established by the proof. Upon the subject of interest, the rule of law is that, in the absence of any proof upon the subject, it will be presumed that the law of another state is the same upon that subject as the law of the state in which the case is tried. Contracts for interest, not exceeding 10 per cent. per annum are authorized by statute in this state; and, applying the rule above referred to, we hold, in the absence of proof to the contrary, that it will be presumed that the law of Louisiana is the same as that of Texas, and that it authorizes contracts for interest, not to exceed 10 per cent. per annum. Therefore appellants' fourth and last assignment is overruled.

No error has been shown, and the judgment is affirmed.

Affirmed.