BARCUS et al. v. J. I. CASE THRESHING MACH. CO.  (No. 1208.) *

(Court of Civil Appeals of Texas. Amarillo. June 13, 1917. On the Merits, June 20, 1917. On Motion for Rehearing, Oct. 3, 1917.)

1. APPEAL AND ERROR ⟖648 — AMENDMENT OF RECORD—AUTHORITY OF DISTRICT COURT.

The statement of facts is a part of the record made by the district court, and motions affecting such record and to make it speak the truth should be filed in that court.

2. APPEAL AND ERROR ⟖818—HEARING OF APPEAL—POSTPONEMENT.

Submission of an appeal will be postponed on motion filed prior to the submission to permit the taking of proper proceedings in the district court to perfect the record.

On the Merits.

3. CHATTEL MORTGAGES ⟖273 — SUITS TO FORECLOSE—VENUE.

An action on notes and to foreclose a chattel mortgage securing them was properly brought in a county in which part of the mortgaged property was situated, irrespective of the residence of the parties, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 12, providing that a suit for the foreclosure of a lien may be brought in the county in which the property subject to the lien or a portion thereof is situated.

4. CORPORATIONS ⟖672(7)—FOREIGN CORPORATIONS — PLEADING — OBTAINING PERMIT —NECESSITY OF PROOF.

In an action by a foreign corporation on notes for the price of a traction engine and fixtures and to foreclose a chattel mortgage thereon, where plaintiff's pleadings did not show that the sale of the engine was consummated in Texas, an allegation that plaintiff had obtained a permit to do business in Texas was surplusage, and need not be proved.

5. APPEAL AND ERROR ⟖174—RESERVATION OF GROUNDS OF REVIEW—CAPACITY TO SUE.

Where, in an action by a foreign corporation, defendant did not by plea raise an issue as to plaintiff's failure to obtain a permit to do business in the state, and the fact that the business out of which the cause of action arose was transacted in Texas appeared only from the evidence introduced at the trial, this defense could not be urged for the first time on appeal.

6. SALES ⟖354(8) — ACTIONS FOR PRICE — PLEADINGS—MATTERS TO BE ALLEGED.

In an action on notes for the price of a traction engine and fixtures the answer alleged that to induce defendant to sign the note plaintiff represented that he was selling the engine and fixtures to R.; that R. could not pay sufficient cash to justify a sale on the security of the engine and fixtures; that if defendant would sign the notes as surety and the first three of the five notes were paid, plaintiff would on nonpayment of the other notes take the engine back and cancel the notes; that defendant relied thereon and signed the notes as surety; that the first three

notes were paid and discharged; that the engine and fixtures were tendered to plaintiff in as good condition as when sold, reasonable wear and tear excepted; that defendant claimed no interest therein; and that plaintiff had taken charge thereof and had the engine and fixtures in its possession and control. Held, that as it was alleged that plaintiff had accepted the engine, it was unnecessary to allege that it was tendered at the same place and in the same condition as when delivered.

7. PLEADING ⟖228 — DEMURRER OR EXCEPTION.

An exception that the answer was an effort to vary the terms of a written agreement by showing a contemporaneous parol agreement, and that it was not shown that the engine was tendered at the same place and in the same condition as when delivered to the purchaser, was in the nature of a general demurrer rather than a special exception.

8. SALES ⟖354(8) — PAROL EVIDENCE — PAYMENT AND DISCHARGE.

While the allegations as to the parol agreement by themselves would have been bad in view of the parol evidence rule, the effect of the entire pleading was to show a discharge of the remaining notes, and it is always competent for a party to a written contract to show that his liability has been terminated by some method known to the law, though in so doing the parol evidence rule is violated.

On Motion for Rehearing.

9. APPEAL AND ERROR ⟖1078(3)—EVIDENCE ⟖466—REVIEW — MATTERS NOT URGED — FUNDAMENTAL ERRORS.

Error in sustaining a general demurrer to the answer was fundamental, which it was the duty of the court to consider, though ignored by the parties in their briefs.

10. ACCORD AND SATISFACTION ⟖25(2) — PLEADING—"PAYMENT."

In an action on notes for the price of a traction engine and fixtures, an answer alleging a parol agreement to take back the engine and fixtures in settlement of the last two notes if not paid, that the engine and fixtures had been tendered to plaintiff, and that it had taken charge thereof and was holding and claiming the engine and fixtures, was not a plea of accord and satisfaction as distinguished from payment, since "payment" is generally understood to mean a discharge by a compliance with the terms of the obligation or its equivalent, while in an "accord and satisfaction" the discharge is effected by the performance of terms other than those originally agreed on.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord and Satisfaction; Payment.]

11. APPEAL AND ERROR ⟖1040(6) — HARMLESS ERROR—SUSTAINING DEMURRER.

The sustaining of a demurrer to such answer was not rendered harmless by the court's finding that defendant had renewed and extended the notes sued on, thereby waiving all previous agreements, where evidence was not admitted to sustain the facts alleged in the answer demurred to.

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the J. I. Case Threshing Machine Company against G. W. Barcus and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

G. W. Barcus, of Waco, and Turner & Rollins, of Amarillo, for appellants. Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

*Second petition for rehearing denied November 14, 1917.

## On Motion to Strike Out Statement of Facts.

PER CURIAM. [1] The statement of facts is a part of the record made by the district court, and motions affecting such record and to make it speak the truth should be properly filed in that court. Boggess v. Harris, 90 Tex. 476, 39 S. W. 561; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; Harris v. Stark, 101 Tex. 587, 110 S. W. 737; Willis v. Smith, 90 Tex. 635, 40 S. W. 401; Neville v. Miller, 171 S. W. 1109.

[2] If prior to the submission of this case the appellee indicates a desire to have its submission postponed in order that it may take proper proceedings in the court below to perfect the record, we will postpone the submission of the cause for that purpose; otherwise the motion to strike out the statement of facts will be overruled.

## On the Merits.

HALL, J. Appellee, a corporation, organized under the laws of the state of Wisconsin, sued G. W. Barcus, F. S. Young, and A. S. Walker on two notes, one for $300 and one for $400, and to foreclose a mortgage upon a traction engine, some disc plows, and a water tank. The original petition alleged that the defendant Barcus lived in Parker county, Tex., and the other defendants in Deaf Smith county; the supplemental petition alleged that all defendants except Barcus lived in Victoria county. Barcus filed a plea of privilege to be sued in McLennan county, alleging that at the time he was required to and did answer he was a resident citizen of that county, and that none of the exceptions to exclusive venue mentioned in the statute existed in said cause. This plea was heard at the June term, 1915, by the court, and overruled, to which action of the court Barcus excepted. At the October term of the court, 1915, the other defendants who had been cited in the meantime filed their pleas of privilege, which were also overruled by the court. A trial before the court resulted in a judgment against all of the defendants for the sum of $1,087.47, principal and interest, and $108.75 attorney's fees, and a foreclosure of the chattel mortgage upon the property described in the petition.

[3] Appellants insist first that the court erred in overruling their plea of privilege. The notes sued upon provide that they are payable at the Western National Bank at Hereford, Tex., and "if not paid when due, to become payable at Dallas, Tex., with 10 per cent. attorney's fees if sued upon or if placed in the hands of an attorney for collection." Vernon's Sayles' Civil Statutes, art. 1830, subd. 12, provides that where the suit is filed for the foreclosure of a lien it may be brought in the county in which the property subject to such lien or a portion thereof may be situated. It was shown that the property upon which a foreclosure of the mortgage was decreed was situated in Deaf Smith county at the time the suit was instituted. This fact, under the statute referred to, gave the district court of Deaf Smith county jurisdiction.

[4, 5] Under the second assignment appellant insists that the judgment is erroneous because the plaintiff alleged that it was a foreign corporation having a permit to do business in Texas, and no proof was admitted to sustain the allegation, and because it was shown by the evidence of T. L. Ball that the contract for the sale of the engine was consummated at Hereford, Tex. This question has been considered several times and decided adversely to appellant's contention. It does not appear from the pleadings of the plaintiff that the transaction out of which this suit originated was in Texas. So far as its pleadings show the order may have been sent from Texas to Wisconsin, and was therefore an interstate transaction. Since plaintiff's pleadings do not show that the business was transacted in Texas, the allegation that plaintiff being a foreign corporation had obtained a permit is surplusage, and need not be proven. Appellant did not raise the issue by plea in the court below, and the fact appearing only from the evidence introduced during the trial, it cannot be urged in this court for the first time. Mansur & Tebbetts Implement Co. v. Beer, 19 Tex. Civ. App. 311, 45 S. W. 972; Blackwell-Wielandy Book & Stationery Co. v. Perry, 174 S. W. 935; Studebaker Harness Co. v. Gerlach Mercantile Co., 192 S. W. 545; Huff v. Kinloch Paint Co., 110 S. W. 467, and authorities cited.

By their third assignment appellants urge the proposition that the court erred in sustaining appellee's exception to that part of the answer of appellant Barcus which is as follows:

"4. For further answer, if required, this defendant alleges that it is true that he and his codefendants herein executed and delivered to plaintiff their five certain promissory notes of date, etc.; * * * and this defendant alleges that at the time said notes were so executed and as part of the inducement to get this defendant to sign same plaintiff, through its representative who sold said engine and fixtures, represented to this defendant that he was selling for plaintiff said engine and fixtures to the defendant J. C. Robinson, and that the said Robinson could not pay sufficient cash on said deal to justify plaintiff in selling same on the security of the engine and fixtures, and that he required of said Robinson to give some personal security for the payment of said notes; that he, the said agent of plaintiff, would sell said engine and fixtures to said Robinson if this defendant would sign said notes as surety, and stated to this defendant verbally that if the first three of said notes were paid that the plaintiff would then, if said Robinson did not pay the other and last two notes, plaintiff would take said engine back and cancel said notes, and this defendant alleges that said representation so made by the plaintiff was part of the inducement for his having signed the same; that he relied upon said representations and signed same with the positive understanding and agreement on the part of plaintiff that he should not and would not be liable for the last two of said notes if the first were paid and satisfied, and that acting on the prom-

ise of plaintiff and relying thereon, this defendant did sign said notes as surety; that but for the said representations he would not have signed said notes. This defendant alleges that the agent of plaintiff who made said representations was the person who sold to said Robinson said engine; that he now remembers his name as a Mr. Ball; that he may be mistaken in the name of the agent; that the defendant J. C. Robinson and A. S. Walker and F. S. Young were tenants on the farm of this defendant; that the agent of plaintiff above sold said engine and fixtures to said Robinson, and that the said Robinson, Young, and Walker signed said notes as principals, and this defendant signed same as surety under the conditions as set out above. This defendant alleges that the first three of said notes have been and were long prior to the filing of this suit fully paid off and discharged; that said engine and fixtures were tendered to the plaintiff in as good condition as when sold, reasonable wear and tear excepted; that this defendant and neither of the other defendants claim any interest therein, and this defendant has always been ready, able, and willing to carry out his part of said transaction, and this defendant alleges that the plaintiff has taken charge of said engine and now is holding and claiming the same; that plaintiff has so taken charge thereof, and has it in his possession and control, and that by reason of the above premises plaintiff is not entitled to recover of and from this defendant any sum whatever herein, and that by reason of the premises the plaintiff is now estopped from claiming any judgment on said two notes sued on herein or any other notes that were given by this defendant for said engine."

[6-8] The exception sustained is that such pleading is an effort to vary the terms of a written agreement by showing a contemporaneous parol agreement, and because defendant fails to show that the engine was tendered at the same place and in the same condition as when delivered to the purchaser. The allegation being that plaintiff had accepted the engine, it was unnecessary to show that it was tendered at the same place and in the same condition as when delivered. In the briefs the exception is mentioned as a special exception. We think in its nature it is a general demurrer to this section of the charge. If the pleading had contained only the first paragraph of subdivision 4 of the answer, as we have set it out above, the exception would have been properly sustained, because the general rule obtains in Texas that parol evidence of a prior or contemporaneous agreement is not admissible to show that a promissory note providing for payment in money only might be satisfied in some other manner. Roundtree v. Gilroy, 57 Tex. 176; Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Nixon v. First State Bank, 60 Tex. Civ. App. 7, 127 S. W. 882. The second paragraph of this subdivision, as we have set it out, alleges the payment of the first three notes, and the further fact that plaintiff has taken charge of the engine. The effect of the entire section of the pleading is to show a discharge of the remaining notes. It is always competent for a party to a written contract to show that his liability has been terminated by some method know to the law. 17 Cyc. 691. To enforce the rule prohibiting the admission of

parol evidence to affect a written contract would be to deprive appellant of his right to show that the debt sued upon had been satisfied. The few cases which have considered this question in effect hold that the parol evidence rule must give way to the superior right to show payment and discharge. Buchanan v. Adams, 49 N. J. Law, 636, 10 Atl. 662, 60 Am. Rep. 666; Zimmerman v. Adee, 126 Ind. 15, 25 N. E. 828; Van Valkenburgh v. Stupplebeen, 49 Barb. (N. Y.) 99, and authorities there cited.

It seems clear that if appellant signed the notes with the express understanding that if the first three were paid and appellee took charge of the engine for which they were all given, it should constitute a satisfaction of the last two is a defense, proof of which should have been admitted by the court, even though in doing so the parol evidence rule is violated.

The remaining assignments are overruled. For the error indicated the judgment is reversed, and the cause remanded.

On Motion for Rehearing.

A careful review of the motion convinces us that no doubtful questions are presented, and the appellee's request for permission to present the motion for rehearing in oral argument is denied.

[9] Appellee insists that we have decided the controversy upon an issue not raised by the briefs. The judgment was reversed because the court sustained exceptions to one of the defenses set up by appellant. We think the brief of the appellant sufficiently raises the question decided. In any event, the action of the court in sustaining the demurrer is attempted to be upheld in appellee's brief by the first, second, and third propositions under the reply to appellants' third assignment. In view of the fact that the exception which was sustained by the court is a general, rather than a special, demurrer, the action of the court upon it presents fundamental error, and it became our duty to consider it, even though the point had been ignored by both parties. San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518. The principal part of appellee's motion is based upon the assumption that the pleading excepted to set up an accord and satisfaction, and that this court held that such was the effect of the allegations.

[10, 11] Appellee is mistaken in such assumption. We held that the portion of the pleading to which the demurrer was sustained was an allegation of payment and discharge, and there is nothing in the original opinion that would justify appellee in insisting that we held the pleading to be one of accord and satisfaction. Accord and satisfaction "is distinguished from payment in that by payment is generally understood a discharge by a compliance with the terms of the obligation, or its equivalent, while in an

accor'd and satisfaction the discharge is affected by the performance of terms other than those originally agreed on." 1 R. C. L. 178, § 2. The allegation is that the debt has been discharged in accordance with a parol agreement entered into at the time of the execution of the notes, and in the light of the above-quoted rule appellee is clearly in error in insisting that the plea is one of accord and satisfaction. This disposes of the remaining grounds of the motion save one, which is that the action of the court in sustaining the demurrer is harmless error because the court found that Barcus had subsequently renewed and extended the note sued upon, thereby waiving all previous agreements. The defense of waiver was alleged by appellee. Because of the court's action on the demurrer appellant was not permitted to prove the parol agreement alleged, and no evidence having been introduced upon it we cannot, of course, consider defenses alleged and facts found by the court in passing upon the correctness of the court's ruling. The ruling of the court upon the demurrer must be determined by the allegations of the pleading excepted to, unless it appears from the record that evidence was introduced which tended to sustain the facts alleged.

The motion is in all things overruled.