## BEARD v. CONTINENTAL STATE BANK OF BECKVILLE et al.   (No. 3147.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 17, 1925.)

**1. Estoppel ☞72—Where one of two innocent purchasers must lose, one who could have avoided loss must bear it.**

When loss is to be borne by one of two innocent purchasers of vendor's lien notes, and it was within power of one but not of other to secure himself against such loss, it must be borne by one who, having such power, failed to exercise it.

**2. Vendor and purchaser ☞265(2)—Proceeds of foreclosure applied first to vendor's lien notes whose transfer was recorded.**

Where execution of transfer to bank of one of four vendor's lien notes was not acknowledged nor transfer recorded, and another, relying on vendor's representations that such note had been paid, bought other three notes and recorded them, on foreclosure proceeds of sale would be applied first to notes whose transfer had been recorded.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Suit by the Continental State Bank of Beckville against A. B. Foster and others, in which defendant P. O. Beard filed cross-action. From the judgment, P. O. Beard appeals. Reformed and affirmed.

By a deed dated September 29, 1919, duly filed for record January 28, 1920, appellee A. B. Foster conveyed 74 acres of land to appellee Ed. Davidson. The consideration for the conveyance, according to recitals in the deed, was four promissory notes, dated said September 29, executed by said Davidson, for $500, interest, and attorney's fees each, payable to the order of said Foster—one of them on February 20, 1920, another on October 1, 1920, another on October 1, 1921, and the other on October 1, 1922. Each of the notes contained a recital that a vendor's lien to secure it had been retained on the land. On the day of its date Foster, by a writing on the back of the note payable February 20, 1920, transferred it to the appellee bank. Execution of the transfer was never acknowledged so as to entitle it to record in the county clerk's office, and the transfer was never filed there for that purpose. March 31, 1921, Beard, ignorant of the fact that the note due February 1, 1920, was unpaid in the hands of the appellee bank, and relying on the truth of representations made to him by Foster to the effect that that note had been paid and sur-

rendered to Davidson, the maker thereof, purchased the notes due October 1, 1921, and October 1, 1922, respectively, paying Foster $800 therefor and taking a transfer thereof executed and duly acknowledged by Foster, which he (Beard) filed in the county clerk's office, and which was duly recorded January 11, 1922. The transfer contained a recital that the two notes, "in case of a foreclosure," were to be "a first and superior lien against the land."

About six months after he transferred said two notes to Beard, Foster, for value paid him, verbally assigned the note due October 1, 1920, to Beard.

This suit was by appellee as plaintiff against said Foster, Davidson, and Beard as defendants. It was to recover the amount of the note due February 20, 1920, of Foster and Davidson, and to foreclose the vendor's lien retained to secure same as against said Foster and Davidson, and also as against said Beard. Beard, in a cross-action, set up the matters stated above, and prayed for judgment against Foster and Davidson for the amount of the three notes transferred to him (Beard) by Foster as stated, and foreclosing the vendor's lien retained to secure same, and directing a sale of the land and the application of the proceeds of such sale to the satisfaction of the amount due on said three notes before any of such proceeds were applied to the payment of the note the bank sued on. The judgment was in the bank's favor against Davidson and Foster for the amount of the note transferred to it as stated, and in favor of Beard against said Davidson and Foster for the amount of the three notes transferred to him as stated. The court refused to give any of the notes priority over others of them, but foreclosed the vendor's lien, and directed a sale of the land and the application of the proceeds thereof to the payment of all the notes alike. The appeal was prosecuted by Beard.

Woolworth & Baker, of Carthage, and J. Ross Duran, of Carthage, for appellant.

H. N. Nelson, of Carthage, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The contention of appellant, Beard, is that the judgment is erroneous so far as it directs the application of the proceeds of the sale ordered to the payment of all the notes alike, instead of to the payment in full of the three notes held by him before any part of such proceeds is applied to the payment of the note held by the appellee bank. The contention is predicated on the fact that the bank, having a right to do so (Traders' Nat. Bank v. Price [Tex. Com. App.] 228 S. W. 160), failed to have the transfer to it of the note it held recorded, and the fact that appellant, having a right to do so (Commission Co. v. Core, 47 Tex. Civ. App.

216, 105 S. W. 843), relied upon the truth of the representation to him by Foster, the payee thereof, that said note had been paid, and was thereby induced to purchase the other three notes. The rule seems to be, when a loss is to be borne by one of two innocent purchasers of notes like those in question here, and it was within the power of one of them to secure himself against such loss, and not within the power of the other to do so, that the loss must be borne by the one who, having such power, failed to exercise it. Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, where the court said:

"He who neglects the performance of a duty enjoined, or the exercise of a privilege granted for his security, must suffer the loss, rather than one who was not in position to secure that protection."

And see Trust Co. v. Roberts (Tex. Civ. App.) 41 S. W. 111; Henderson v. Pilgrim, 22 Tex. 464; Southern B. & L. Association v. Brackett, 91 Tex. 44, 40 S. W. 719; Lewis v. Ross, 95 Tex. 358, 67 S. W. 405; H. O. Wooten Grocer Co. v. Bank (Tex. Com. App.) 215 S. W. 835; Magee v. Snell (Tex. Civ. App.) 197 S. W. 364; Biswell v. Gladney (Tex. Com. App.) 213 S. W. 256.

Appellant's contention is sustained, and the judgment of the trial court will be so reformed as to direct that the proceeds of the sale to be made of the land shall be applied to the payment in full of the amount due on the three notes owned by him (appellant) before any of same is applied to the payment of the note owned by the bank; and said judgment as so reformed will be affirmed.