## PHELPS v. JESSE FRENCH & SONS PIANO CO.

No. 11336.

Court of Civil Appeals of Texas. Dallas.

Nov. 10, 1933.

Dallas C. Biggers and Carl C. Mays, both of Dallas, for appellant.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for appellee.

LOONEY, Justice.

Jesse French & Sons Piano Company, an Indiana corporation, domiciled at New Castle in that state, brought this suit against J. C. Phelps, a resident piano dealer of the city of Dallas, to recover the amount due upon certain trade acceptances, alleged to have been executed by appellant as renewals of balances due on original notes, given for the purchase money of six pianos sold by appellee to appellant.

Appellant answered by general demurrer and general denial, and, in a cross-action, sought damages for the alleged breach of express warranties; the amount in controversy is revealed by appellant's prayer as follows: "Premises considered, defendant prays that plaintiff recover nothing herein, and that defendant have judgment for $1,242.81 against said plaintiff on defendant's cross action, and, in the event plaintiff recovers anything from this defendant, then that defendant have his offset as above set out."

On jury findings favorable to appellee, the court rendered judgment in its favor for

the amount due upon the trade acceptances, and denied appellant recovery on the cross-bill, from which he appealed.

■ The case was largely tried on issues tendered in the cross-bill, and the errors assigned on appeal relate to the trial of those issues (save one mentioned later). While the jurisdiction of the county court to entertain the cross-bill was not challenged in the court below, nor is it challenged in this court, yet it is perfectly obvious that the matter in controversy exceeds the jurisdiction of said court. It follows, therefore, that appellant's cross-action must be dismissed, which necessarily disposes of all alleged errors incident to its trial. Billings. v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170; Nichols v. Ellis (Tex. Civ. App.) 246 S. W. 713; Armstrong v. Clayton (Tex. Civ. App.) 255 S. W. 1015; Commercial Credit Co. v. Moore (Tex. Civ. App.) 270 S. W. 582.

■ Appellant suggests that, as appellee neither alleged nor proved that it had a permit to transact business in Texas, judgment should not have been rendered in its favor.

This question is raised for the first time on appeal, hence appellee contends that it comes too late and cannot be considered. To this we cannot assent. The authority cited by appellee announces the contrary doctrine. See Mansur & Tebbetts Implement Co. v. Beer, 19 Tex. Civ. App. 311, 45 S. W. 972 (writ denied).

The questions presented are these: Was appellee transacting or soliciting business in Texas at the inception of the contracts involved, or had it at that time established a general or special office in this state for the transaction of business, within the meaning of article 1529, R. S. 1925? The facts are these: Several months before the transaction with appellant, four of the pianos were shipped by appellee to the United Music Stores of Dallas, on a tentative sale, but, the sale having failed of consummation, the instruments were later sold to appellant, as the result of negotiations conducted by correspondence; he was given an order on the Music Stores for the instruments, and received delivery; sales of the other two instruments were consummated by correspondence, and they were shipped to appellant direct from appellee's factory in Indiana.

■ As to the two instruments shipped direct to appellant from the factory, the transactions were unquestionably of an interstate nature, and to that extent appellee could recover without regard to the provisions of our Foreign Corporations Act. See Texas & P. Ry. Co. v. Davis, 93 Tex. 378, 389, 54 S. W. 381, 55 S. W. 562, 564; Alexander Film Co. v. Lazeres & Morfesy (Tex. Civ. App.) 7 S.W.(2d) 599, 601.

Appellee had not established either a general or special office for the transaction of business in the state, nor had it solicited or transacted business here other than that of an interstate nature, prior to its dealings with appellant. The sale by correspondence of the four pianos previously shipped to the United Music Stores of Dallas and retaken by appellee was in effect the consummation of an interstate transaction, besides such an isolated transaction cannot be considered as either soliciting or transacting business, or the establishment of a general or special office in this state. To hold that a single transaction, such as is involved here, constitutes soliciting or transacting business, requiring a foreign corporation to procure a permit, would, in our opinion, render the statute an impediment to the freedom of interstate commerce. Fletcher on Corporations, vol. 9, p. 9959, announces the following doctrine in point: "In construing the effect of statutes prohibiting a foreign corporation from 'doing business' or 'doing any business' in the State until it had complied with specific requirements, there is some conflict, but the great weight of authorities is to the effect that isolated transactions, especially commercial, do not constitute a 'doing, transaction, or carrying on a business' within the meaning of such statutes, but that such statutes contemplate some continuance in business."

The same doctrine sustained by the overwhelming weight of authority is announced in 14A C. J. 1273, § 3979, as follows: "In most jurisdictions it has been held that single or isolated transactions do not constitute doing business within the meaning of such statutes, although they are a part of the very business for which the corporation is organized to transact, if the action of the corporation in engaging therein indicates no purpose of continuity of conduct in that respect. * * *"

This doctrine was applied by the El Paso court, in Dempster, etc., Co. v. Humphries (Tex. Civ. App.) 202 S. W. 981, 982. Humphries gave Dempster Manufacturing Company of Beatrice, Neb., an order for a pumping plant, to be shipped to Toyah, Tex., if Humphries should later decide that he needed the plant, of which notice was to be given; however, the company shipped the pumping plant to Humphries, without such notice, but immediately on its arrival he notified the company that the machinery would not be accepted. Negotiations followed, the company sent its representative, a Mr. Eck, to Toyah, and, after considerable testing of the machinery, it was accepted on a new order, and the demand sued upon was executed. The contention

was made that the company was not entitled to judgment, in the absence of a showing that it had a permit to transact business in Texas. Responding to this contention, the court said: "Had Humphries accepted the plant under the first order, there could be no question but that the transaction was interstate commerce. The trial court dismissed the case, evidently on the theory that the interstate character of the transaction terminated on Humphries' refusal to accept the plant after it reached Toyah, as he had the right to; his order not having been delivered by him to the company. But should we be in error in the interpretation of the facts as stated above, and should it be held that the transaction was not wholly an adjustment, and a consummation of the purchase of the plant commenced by the first order, and if it should be that the sale of the plant had its initiative on the arrival of Eck at Toyah, and that the sale of the plant was wholly made at Toyah, could it in that event be said that the transaction was not interstate commerce? We think not under the facts."

In the light of these authorities, we hold that appellee was not required to file its articles of incorporation and obtain a permit from the secretary of state, as a condition precedent to its right to maintain the suit. Finding no reversible errors, the judgment of the trial court is in all things affirmed.

Affirmed.